UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christina Conyers Williams <br> 2 Watch Hill Place <br> Gaithersburg, Md 20878 <br><br> Plaintiff, <br><br> v. <br><br> Robert Johnson, Individually, and as <br> Senior Deputy Director <br> Addiction and Recovery Administration <br> District of Columbia Department of <br> Health <br> 1300 First Street, NE Third Floor <br> Washington DC 20002 <br><br> David Anthony, Individually, and as <br> Chief of Staff to the <br> Senior Deputy Director <br> Addiction and Recovery Administration <br> District of Columbia Department of <br> Health <br> 1300 First Street, NE Third Floor <br> Washington DC 20002 <br><br> and <br><br> The District of Columbia <br> 444 Fourth Street, NW <br> Washington, DC 20001 <br><br> Defendants. | Civil Action No. 06-2076 |

**DEFENDANTS' MOTION TO DISMISS**

Defendants Robert Johnson, David Anthony, and the District of Columbia.(hereinafter "defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil

1

Procedure 12(b)(6), hereby move that this Honorable Court dismiss the plaintiff's Complaint. As grounds therefore, the defendants state that:

1) Plaintiff has failed to state a claim under the Whistle Blower Act ("WPA") against the defendants.

2) The plaintiff has not alleged an adverse action causally related to the alleged exercise of her first amendment rights.

Accordingly, dismissal is appropriate. These defendants have attached a Memorandum of Points and Authorities in support of this Motion, along with a proposed Order hereto.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/
        LEAH BROWNLEE TAYLOR [488966]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-7854; (202) 727-6295
        leah.taylor@dc.gov

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Christina Conyers Williams**<br>**2 Watch Hill Place**<br>**Gaithersburg, Md 20878**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**Robert Johnson, Individually, and as**<br>**Senior Deputy Director**<br>**Addiction and Recovery Administration**<br>**District of Columbia Department of**<br>**Health**<br>**1300 First Street, NE Third Floor**<br>**Washington DC 20002**<br><br>**David Anthony, Individually, and as**<br>**Chief of Staff to the**<br>**Senior Deputy Director**<br>**Addiction and Recovery Administration**<br>**District of Columbia Department of**<br>**Health**<br>**1300 First Street, NE Third Floor**<br>**Washington DC 20002**<br><br>and<br><br>**The District of Columbia**<br>**444 Fourth Street, NW**<br>**Washington, DC 20001**<br><br>      **Defendants.** | Civil Action No. 06-2076 |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

In support of their motion to dismiss plaintiff's Complaint, the defendants state as follows:

## BACKGROUND

On or about December 5, 2006, plaintiff, an employee of the Department of Health Addiction Prevention and Recovery Administration, filed a complaint against the defendants claiming that her 1st amendment rights and rights under the District of Columbia Whistleblower Protection Act were violated when she testified before the District of Columbia Council regarding the status of the Addiction Prevention and Recovery Administration's client information system ("ACIS"). Plaintiff alleges that as a result of her testimony before the District of Columbia Council, she was allegedly threatened with termination by her supervisor Robert Johnson and was allegedly subjected to prohibitive personnel actions by Robert Johnson and his chief of staff, David Anthony. See Complaint, generally.  Conyers-William's testimony at an oversight hearing before the District of Columbia Council concerning the Addiction Prevention and Recovery Administration's client information system ("ACIS") consisted of 3 (three) statements. First, she informed the Council that she was in charge of ACIS. Second, she testified about the type of information that could be retrieved by the system. Finally, she testified that she hoped that the full system would be up and running by November 2006. See Complaint, at ¶¶ 39-42. Plaintiff alleges that it was this testimony that resulted in her supervisor and his chief of staff retaliating against her by allegedly engaging in prohibited personnel actions.[1] See Complaint, generally. Plaintiff was not suspended, demoted or terminated. See Complaint, generally.

As set forth below, these defendants are entitled to dismissal of plaintiff's Complaint for the following reasons: (1) plaintiff has failed to state a claim under the Whistle Blower Act

---

[1] Plaintiff also alleges that she had a private meeting with Councilmember Cantania, but does not allege or plead that the meeting concerned gross mismanagement, fraud or waste, nor does the plaintiff allege that the private meeting was disclosed to her superiors who allegedly retaliated against her. For those reasons, the District does not address the meeting in its legal argument as to the WPA.

4

("WPA") for which she is entitled to relief; and (2) the plaintiff has failed to plead an adverse action causally related to the alleged exercise of her first amendment rights.

## ARGUMENT

A. <u>**Standard for Motion to Dismiss**</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App.

B. <u>**Plaintiff's Complaint Fails to State a Claim under the Whistleblower Protection Act**</u>

According to the Council, "the public interest is served when employees of the District government are free to report waste, fraud, abuse of authority, violations of law, or threats to public health or safety without fear of retaliation or reprisal. See D.C. Official Code § 1-615.51. The Whistleblower Protection Act (WPA) defines the term "protected disclosure" as **"any disclosure of information**, not specifically prohibited by statute, by an employee to a supervisor or a public body that **the employee reasonably believes evidences** "gross mismanagement, gross

misuse or waste of public resources or funds, abuse of authority in connection with the administration of a public program or the execution of a public contract, a violation of a federal, state, or local law, rule or regulation, or of a term of a contract between the District government and a District government contractor which is not of a merely technical or minimal nature; or a substantial and specific danger to the public health and safety." D.C. Official Code § 1-615.52(6).

Conyers-William's alleges that she offered short and concise, 15-20 minute testimony at an oversight hearing before the District of Columbia Council concerning the Addiction Prevention and Recovery Administration's client information system ("ACIS"). See Complaint at 8:39-42. According to plaintiff, her testimony consisted of only three (3) statements: (1) informing the Council that she was in charge of ACIS, (2) what type of information could be retrieved by the system, and (3) that she hoped that the full system would be up and running by November 2006. Id. Conyers-Williams' statements to the Council do not qualify as a protected disclosure. More importantly, no reasonable person could believe that the three statements she provided to the Council evidenced gross mismanagement, gross misuse or waste of public resources, fraud or any violation of the law. As such, her statements to the Council were not protected disclosures under the WPA, and dismissal of plaintiff's complaint is appropriate.

C.      **Plaintiff Failed to Properly Plead Her First Amendment Claims**

Plaintiff seeks to proceed against the herein named defendants for violation of her First Amendment Rights. However, plaintiff fails to identify the vehicle and/or avenue by which she seeks to pursue this claim against these defendants. See Complaint, generally. While generally, First Amendment claims may be filed pursuant to 42 U.S.C. § 1983, plaintiff makes no reference .to the statute in her Complaint. Therefore, plaintiff's complaint violates Fed. P. Civ. R. 8, and summary dismissal is appropriate.

### 1. **<u>Plaintiff May Not Proceed Against the District Under 42 U.S.C. § 1983</u>**

To the extent plaintiff seeks to pursue her claim pursuant to 42 U.S.C. § 1983, she has failed to plead sufficient facts to support municipal liability against the District. 42 U.S.C. § 1983, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Municipal liability under 42 U.S.C. § 1983 is severely limited. *See Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). Municipal liability results only when the municipality itself can be directly charged with fault for an unconstitutional deprivation. *See Wilson v. Lang*, 526 U.S. 603, 609 (1999); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1985); and *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979), holding courts must address the threshold issue in any action brought under § 1983: "whether the plaintiff has alleged the deprivation of an actual constitutional right at all." Therefore, municipal liability results only when the policy or custom fairly attributable to the municipality is the "moving force" behind the particular constitutional violation. *See Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694). Plaintiff's complaint lacks allegations that her injuries were the result of any District custom, policy or practice and/or that a final policymaker was responsible for her injuries. See Complaint, generally. Therefore, plaintiff's claims against the District fail as a matter of law.

### 2. **Plaintiff Has Not Alleged An Adverse Action Causally Related to the Alleged Exercise of Her First Amendment Rights.**

Plaintiff avers that she testified before the Council on matters of public concern, and that her supervisors retaliated against her as a result of her protected activity. See Complaint, generally. A public employee's cause of action for retaliation in violation of the First Amendment requires proof of four elements: (1) that the public employee was speaking on a matter of public concern; (2) that the employee's First Amendment interest is not outweighed by the governmental interest of promoting the efficiency of the public service performed through its employees; (3) that the employee's speech was a substantial or motivating factor for the denial of a right or benefit; and (4) that the government would not have reached the same decision absent the protected conduct in which the employee engaged. *See Leonard v. D.C.,* 794 A.2d 618 (D.C. 2002). Plaintiff has failed to plead an adverse action causally related to the alleged exercise of her First Amendment Rights. *See Brown v. Brody*, 199 F.3d 446 (D.C. Cir. 1999), holding a public employee must show an "adverse personnel action," such as a discharge or demotion, to support a claim of retaliation based on a protected activity. Plaintiff was not suspended, demoted or terminated. See Complaint, generally. Although actions short of termination may constitute adverse employment actions within the meaning of the statute, "not everything that makes an employee unhappy is an actionable adverse action." *See Montandon v. Farmland Indus., Inc.,* 116 F.3d 355, 359 (8th Cir. 1997). *See also, Bechtel v. City of Belton*, 250 F.3d 1157, 1162 (8th Cir. 2001); *Lybrook v. Members of Farmington Mun. School Board of Educ.,* 232 F.3d 1334, 1339-41 (10th Cir. 2000); *Pierce v. Texas Dep't of Criminal Justice*, 37 F.3d 1146, 1149-50 (5th Cir. 1994). Plaintiff has not met this standard.

Plaintiff's allegations of strained workplace relations are simply not substantial enough to constitute an actionable injury under the First Amendment. *Cf. Tao v. Freeh*, 27 F.3d 635, 639 (D.C. Cir. 1994) (finding that a more burdensome promotion requirement is an actionable injury). "The federal courts cannot be wheeled into action for every workplace slight, even one that was possibly based on protected conduct." *Taylor v. FDIC,* 132 F.3d 753, 765 (D.C. Cir. 1997); *see also, Nunez v. City of Los Angeles*, 147 F.3d 867, 874-75 (9th Cir. 1998) (bad-mouthing and verbal threats are not adverse actions - First Amendment violations). In addition, plaintiff has also failed to show that her testimony was a "motivating factor" in the alleged retaliatory acts. *O'Donnell* v. Barry ,148 F.3d 1126 (D.C. Cir. 1998). Based on the lack of an adverse action or any evidence of a causal link, plaintiff's First Amendment claims should be dismissed.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Complaint.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/
        LEAH BROWNLEE TAYLOR [488966]
        Assistant Attorney General
        441 4th Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-7854; (202) 727-6295
        leah.taylor@dc.gov