# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Christina Conyers Williams** ) | |
| **2 Watch Hill Place** ) | |
| **Gaithersburg, Md 20878** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 06-2076** |
| **Robert Johnson, Individually, and as** ) | |
| **Senior Deputy Director** ) | |
| **Addiction and Recovery Administration** ) | |
| **District of Columbia Department of** ) | |
| **Health** ) | |
| **1300 First Street, NE Third Floor** ) | |
| **Washington DC 20002** ) | |
| ) | |
| **David Anthony, Individually, and as** ) | |
| **Chief of Staff to the** ) | |
| **Senior Deputy Director** ) | |
| **Addiction and Recovery Administration** ) | |
| **District of Columbia Department of** ) | |
| **Health** ) | |
| **1300 First Street, NE Third Floor** ) | |
| **Washington DC 20002** ) | |
| ) | |
| **and** ) | |
| ) | |
| **The District of Columbia** ) | |
| **444 Fourth Street, NW** ) | |
| **Washington, DC 20001** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Robert Johnson, David Anthony, and the District of Columbia.(hereinafter

"defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil

Procedure 12(b)(6), hereby move this Honorable Court to dismiss plaintiff's Amended

Complaint.  As grounds therefor, the defendants state that**:**

    1)  The plaintiff cannot sustain a claim under the First Amendment .

    2)  The plaintiff has failed to state a claim under the Whistle Blower Act ("WPA")

    3)  The individually named defendants cannot be held liable for Whistle Blower Act

       violations.

Accordingly, dismissal against these defendants is appropriate.  A Memorandum of Points and

Authorities in support of this Motion, along with a proposed Order, is attached hereto.

                    Respectfully submitted,

                    LINDA SINGER
                    Acting Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General, Civil Litigation Division

                    _____/s/_____
                    PATRICIA A. JONES [428132]
                    Chief, General Litigation, Section IV

                    _____/s/_____
                    LEAH BROWNLEE TAYLOR [488966]
                    Assistant Attorney General
                    441 4th Street, N.W.
                    Sixth Floor South
                    Washington, D.C. 20001
                    (202) 724-7854; (202) 727-6295
                    leah.taylor@dc.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Christina Conyers Williams**<br>**2 Watch Hill Place**<br>**Gaithersburg, Md 20878**<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>**Robert Johnson, Individually, and as**<br>**Senior Deputy Director**<br>**Addiction and Recovery Administration**<br>**District of Columbia Department of**<br>**Health**<br>**1300 First Street, NE Third Floor**<br>**Washington DC 20002**<br><br>**David Anthony, Individually, and as**<br>**Chief of Staff  to the**<br>**Senior Deputy Director**<br>**Addiction and Recovery Administration**<br>**District of Columbia Department of**<br>**Health**<br>**1300 First Street, NE Third Floor**<br>**Washington DC 20002**<br><br>**and**<br><br>**The District of Columbia**<br>**444 Fourth Street, NW**<br>**Washington, DC 20001**<br><br>      **Defendants.** | **Civil Action No. 06-2076** |

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS' MOTION TO DISMISS

In support of their motion to dismiss plaintiff's Amended Complaint, the defendants state as follows:

3

## BACKGROUND

On or about March 20, 2007, plaintiff, an employee of the Department of Health Addiction Prevention and Recovery Administration, and Chief of the Center for Research, Evaluation and Grants filed an amended complaint against the defendants claiming that her First Amendment Rights and rights under the District of Columbia Whistleblower Protection Act were violated when she testified before the District of Columbia Council regarding the status of the Addiction Prevention and Recovery Administration's client information system ("ACIS"). Plaintiff states that she was assigned the task of implementing ACIS by her supervisor, Mr. Johnson. See Amended Complaint ¶ 20. Plaintiff also alleges that prior to her testimony to the District of Columbia and pursuant to her duties as a "chief," she provided written questions to the D.C. Council about ACIS, a system, she was responsible for implementing. See Amended Complaint ¶ 34 . Plaintiff also claims that senior management personnel were expected to attend the oversight hearing and that there was a small chance that Ms. Williams, a senior manager, would be called to testify. See Amended Complaint ¶ 36.

Conyers-William's testimony at an oversight hearing before the District of Columbia Council concerning the Addiction Prevention and Recovery Administration's client information system ("ACIS") was short and concise and lasted 10 minutes. See Amended Complaint, at ¶ 39. Her testimony consisted of 3 (three) statements. First, she informed the Council that she was in charge of the implementation of ACIS. Second, she testified about the type of information that could be retrieved by the system, which was only demographic data. Finally, she testified that ACIS would be up and running by November 2006. See Amended Complaint, at ¶¶ 39-42.

Plaintiff alleges that as a result of her testimony before the District of Columbia Council, she was allegedly threatened with termination by her supervisor Robert Johnson, and was allegedly subjected to prohibitive personnel actions by Robert Johnson and his chief of staff, David Anthony. See Complaint, generally.  Plaintiff also alleges that *after* her supervisor allegedly threatened her with termination as a result of her testimony, she met privately with Mr. Catania and two of his aides. Plaintiff makes a conclusory claim of protected disclosure, but the facts alleged only reveal that she told Mr. Catania that she did not have a copy of the contract and she had doubts whether the contract actually existed. See Amended Complaint, at ¶ 55.

Plaintiff was not suspended, demoted or terminated by the defendants Johnson and Anthony- the very individuals she claims retaliated against her.  See Amended Complaint, generally.  While plaintiff alleges that her current supervisor, Linda Fisher informed her that her position was being abolished effective April 1, 2007, more than a year after her testimony before Council, plaintiff has not alleged or set forth any facts that Linda Fisher retaliated against her**.**

As set forth below, these defendants are entitled to dismissal of plaintiff's Amended Complaint for the following reasons.

### *ARGUMENT*

**A.**     **Standard for Motion to Dismiss**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).  The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery.  *See Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

**B.**    **Plaintiff Cannot Sustain a Claim Under the First Amendment**

   **1.    Plaintiff Has Failed to State a Claim Under the First Amendment Because She Did Not Speak as a Private Citizen.**

A public employee's cause of action for retaliation in violation of the First Amendment requires proof of four elements: (1) the public employee must have spoken as a citizen on a matter of public concern.; (2) that the employee's First Amendment interest is not outweighed by the governmental interest of promoting the efficiency of the public service performed through its employees; (3) that the employee's speech was a substantial or motivating factor for the denial of a right or benefit; and (4) that the government would not have reached the same decision absent the protected conduct in which the employee engaged. *See Garcetti v. Ceballos*, 126 S.Ct. 1951, 1958 (2006). *See also, Leonard v. D.C.,* 794 A.2d 618 (D.C. 2002).

*Garcetti* holds that the first inquiry in a First Amendment analysis is whether the plaintiff was speaking as a citizen. *Garcetti*, 126 S.Ct. at 1958. The Court has held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes . . . .". *Garcetti*, 126 S.Ct. at 1959-60. *Garcetti* involved

6

a state deputy attorney who was reassigned and denied a promotion after he wrote a memo to his supervisors about inaccuracies in an affidavit used to procure a search warrant. The Supreme Court held that when the plaintiff wrote his memo and had later discussions with his supervisors concerning the inaccuracies of the search warrant, he did not speak as a citizen, but spoke as a government employee.  The Court found that "when he went to work and performed the task he was paid to perform, Ceballos acted as a government employee. The fact that his duties sometimes required him to speak or write does not mean his supervisors were prohibited from evaluating his performance" *Id.* at 1960.  The Court found that because plaintiff's speech was pursuant to his official duties, he was not acting as a private citizen and did not enjoy First Amendment protection.

In the instant case, plaintiff's own averments clearly demonstrate that her speech was made pursuant to her official duties.  The plaintiff claims that as part of her duties as a "*chief*," she provided written answers to questions from the D.C. Council about ACIS, a system she was responsible for implementing. See Amended Complaint, at ¶ 34 . Plaintiff also claims that senior management personnel were *expected* to attend the oversight hearing and that there was a chance that she would be called to testify as a senior manager. See Amended Complaint, at ¶ 36. When Ms. Williams testified at the DC Council oversight hearing, she was not speaking as a private citizen, but as a government employee in a representative capacity for her agency.  Under the bright line rule set forth in *Garcetti*, because the plaintiff testified pursuant to her official duties and not as a private citizen, her testimony before the DC Council enjoys no First Amendment protection.

Plaintiff also claims that that she had a private meeting with Councilmember Cantania after the oversight hearing, and her husband was in attendance at that meeting. See Amended

Complaint, at ¶ 54.  Again, this meeting with Councilmember Cantania concerned plaintiff's role as chief of staff and her official duties with the agency at which she was employed.  This meeting also enjoys no First Amendment protection.  To the extent this Court finds that this meeting with Councilmember Cantania was in plaintiff's role as a private citizen, the substance of her conversation with the councilmember still enjoys no First Amendment protection.  Plaintiff makes conclusory claims that her supervisor(s) were aware of the meeting, but has notably failed to plead any facts to support that conclusion.  See *Kowal* 305 U.S. App. D.C at 60, holding that the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations."

Moreover, according to the allegations in plaintiff's amended complaint, she met with Mr. Catania to discuss her supervisor's alleged harassment and the Softscape contract and told Mr. Catania that she did not have a copy of the contract, and had doubts whether the contract actually existed. See Amended Complaint, at ¶ 55.  Ms. Conyers William's personal, work place grievance regarding supervisor harassment is not a matter of public concern and the mere statement that "she did not have a copy of the contract and had doubts whether the contract actually existed" is not a matter of public concern.  See *Connick v. Myers*, 461 U.S. 138 (1983), (holding that an employee's internal work place grievances were a matter of personal interest and not public concern).  Based on the allegations set forth in plaintiff's amended complaint, her First Amendment claims against these defendants fail as a matter of law.

### 2.    Plaintiff May Not Proceed Against the District Under 42 U.S.C. § 1983

Plaintiff cannot pursue her claim pursuant to 42 U.S.C. § 1983, as she has failed to plead sufficient facts to support municipal liability against the District.  42 U.S.C. § 1983, provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Municipal liability under 42 U.S.C. § 1983 is severely limited.  *See Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978).  Municipal liability results only when the municipality itself can be directly charged with fault for an unconstitutional deprivation. *See Wilson v. Lang*, 526 U.S. 603, 609 (1999); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1985); and *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979), holding courts must address the threshold issue in any action brought under § 1983: "whether the plaintiff has alleged the deprivation of an actual constitutional right at all."  Therefore, municipal liability results only when the policy or custom fairly attributable to the municipality is the "moving force" behind the particular constitutional violation.  *See Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694).  Plaintiff's complaint lacks allegations that her injuries were the result of any District custom, policy or practice and/or that a final policymaker was responsible for her alleged injuries.  See Amended Complaint, generally.  Therefore, plaintiff's claims against the District pursuant to 42 U.S.C. § 1983 fail as a matter of law.

3.    **Plaintiff Has Not Alleged An Adverse Action Causally Related to the Alleged Exercise of Her First Amendment Rights.**

Plaintiff avers that she testified before the Council on matters of public concern, and that her supervisors retaliated against her as a result of her protected activity.  See Amended Complaint, generally.  Not only has plaintiff failed to identify any speech for which she is

9

entitled to First Amendment protection, she has failed to plead an adverse action causally related to the alleged exercise of her First Amendment Rights.  *See Brown v. Brody*, 199 F.3d 446 (D.C. Cir. 1999), holding a public employee must show an "adverse personnel action," such as a discharge or demotion, to support a claim of retaliation based on a protected activity.  Plaintiff claims that her she was demoted when her title changed was changed, but fails to alleged that she suspended, demoted or terminated by the defendants Johnson and Anthony, her former supervisors- the very individuals she claims retaliated against her. See Amended Complaint,¶ 99.  Although actions short of termination may constitute adverse employment actions within the meaning of the statute, "not everything that makes an employee unhappy is an actionable adverse action." *See Montandon v. Farmland Indus., Inc.,* 116 F.3d 355, 359 (8th Cir. 1997).  *See also, Bechtel v. City of Belton*, 250 F.3d 1157, 1162 (8th Cir. 2001); *Lybrook v. Members of Farmington Mun. School Board of Educ.,* 232 F.3d 1334, 1339-41 (10th Cir. 2000); *Pierce v. Texas Dep't of Criminal Justice*, 37 F.3d 1146, 1149-50 (5th Cir. 1994).

Plaintiff's allegations of strained workplace relations are simply not substantial enough to constitute an actionable injury under the First Amendment. *Cf. Tao v. Freeh*, 27 F.3d 635, 639 (D.C. Cir. 1994) (finding that a more burdensome promotion requirement is an actionable injury).  "The federal courts cannot be wheeled into action for every workplace slight, even one that was possibly based on protected conduct." *Taylor v. FDIC,* 132 F.3d 753, 765 (D.C. Cir. 1997); *see also, Nunez v. City of Los Angeles*, 147 F.3d 867, 874-75 (9th Cir. 1998) (bad-mouthing and verbal threats are not adverse actions, i.e. First Amendment violations).

In addition, plaintiff has also failed to show that her testimony or private meeting with Catania was a "motivating factor" in the alleged retaliatory acts- the plaintiff alleges that retaliatory acts took place *before* her private meeting with Catania and her alleged "demotion"

took place more than one year after her testimony before the Council and meeting with Catania.
See *O'Donnell* v. Barry ,148 F.3d 1126 (D.C. Cir. 1998). See also *Clark County Sch. Dist. v.
Breeden*, 532 U.S. 270, 273-74 (2001) (per curiam)(citing with approval circuit cases rejecting
temporal proximity of three and four months as evidence of causation)   Based on the lack of an
adverse action or any evidence of a causal link, plaintiff's First Amendment claims should be
dismissed.

C.      **Plaintiff's Complaint Fails to State a Claim under the Whistleblower Protection Act**

According to the Council, "the public interest is served when employees of the District
government are free to report waste, fraud, abuse of authority, violations of law, or threats to
public health or safety without fear of retaliation or reprisal.  See D.C. Official Code § 1-615.51.
The Whistleblower Protection Act (WPA) defines the term " protected disclosure" as **"any
disclosure of information**, not specifically prohibited by statute, by an employee to a supervisor
or a public body that **the employee reasonably believes evidences** "gross mismanagement, gross
misuse or waste of public resources or funds, abuse of authority in connection with the
administration of a public program or the execution of a public contract, a violation of a federal,
state, or local law, rule or regulation, or of a term of a contract between the District government
and a District government contractor which is not of a merely technical or minimal nature; or a
substantial and specific danger to the public health and safety." D.C. Official Code § 1-615.52(6).

Conyers-Williams' testimony at an oversight hearing before the District of Columbia
Council concerning the Addiction Prevention and Recovery Administration's client information
system ("ACIS") was short and concise and lasted 10 minutes. See Amended Complaint, at ¶ 39.
Her testimony consisted of  only 3 (three) basic statements.  First, she informed the Council that
she was in charge of the implementation of ACIS.  Second, she testified about the type of

11

information that could be retrieved by the system, which was only demographic data. Finally, she testified that ACIS would be up and running by November 2006. See Amended Complaint, at ¶¶ 39-42. According to the plaintiff, she was assured a promotion if she could achieve her goal of getting ACIS up and running by the date she promised. Conyers-Williams' statements to the Council do not qualify as protected disclosures. Her statements in a private meeting with Councilmember Catania after the oversight hearing also do not qualify as protected disclosure, as discussed above. No reasonable person could believe that the three statements she provided to the Council or the statement that she did not have a copy of the contract and she had doubts whether the contract actually existed is evidence of gross mismanagement, gross misuse or waste of public resources, fraud or any violation of the law. As such, her statements to the Council were not protected disclosures under the WPA, and dismissal of plaintiff's amended complaint is appropriate.

**D.**    **Individually Named Defendants Cannot Be Held Liable for Whistleblower Protection Act Violations**

Plaintiff has filed Whistleblower Protection Act (WPA) retaliation claims against supervisors Robert Johnson and David Anthony. See Amended Complaint, generally. These defendants are entitled to judgment as a matter of law because the WPA does not provide a cause of action against individual supervisors. *Ss Winder v. Erste*, 2005 U.S. Dist. Lexis 5190, *20-*27 (March. 31, 2005 D.D.C.). While the WPA expressly provides a cause of action against the District of Columbia Government, it does not, however, provide such an express cause of action against a supervisor or individual. *See Winder*, 2005 U.S. Dist. Lexis at *20-*21; see also, D.C. Official Code § 1-615.53.

As the <u>Winder</u> court noted, "the ultimate issue is one of legislative intent[.]" Id. at *23. To resolve this question, the courts look to the "language of the statute, the statutory structure and to other sources such as legislative history. Id.  Plaintiff bears the burden of showing that the D.C. Council intended to authorize WPA suits against individual supervisors. Id. Conyers-Williams cannot meet that burden. As the <u>Winder</u> Court reasoned:

> The structure of the statute strongly indicates that the right of action set forth in § 1-615.54 was intended to run only against the District - the pre-suit notice provision and evidentiary standards ... apply only to the District. Moreover, the provisions governing disciplinary proceedings against supervisors indicate that the D.C. Council gave consideration to the remedies that should be available against supervisors, and resolved the issue as set forth in D.C. Official Code § 1-615.58(10) and (11).

<u>Winder</u> 2005 U.S. Dist. Lexis at *24-25.

While D.C. Official Code § 1-615.55(b) authorizes fines against supervisors, "...the more reasonable reading of this provision is that it authorizes fines as part of the judicial relief available to the District in a judicial appeal from an OEA decision on a disciplinary action." <u>Winder</u> 2005 U.S. Dist. Lexis at *25.  The <u>Winder</u> court also noted that "the little legislative history that has been cited to the Court is consistent with the rejection of an implied cause of action." "The Committee reject[ed] [ ] the provision in the bill as introduced that would have made supervisors personally liable for damages, including punitive damages, flowing from their violation of  Whistleblower protections. Id. at *26, . The language of the WPA, its statutory structure, and legislative history all point in the same direction, i.e., that individual supervisors cannot be personally liable for damages in a WPA action. The Court should reach the same conclusion as the <u>Winder</u> court and rule that the WPA does not authorize an individual cause of action against individual supervisors.  Accordingly, plaintiff's WPA claims against these defendants must be dismissed.

13

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's

Amended Complaint.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295
 leah.taylor@dc.gov

14

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**Christina Conyers Williams**          )
**2 Watch Hill Place**                  )
**Gaithersburg, Md 20878**              )
                                        )
          **Plaintiff,**                )
                                        )
          **v.**                        )
                                        )          **Civil Action No. 06-2076**
**Robert Johnson, Individually, and as**    )
**Senior Deputy Director**              )
**Addiction and Recovery Administration**   )
**District of Columbia Department of**  )
**Health**                              )
**1300 First Street, NE Third Floor**   )
**Washington DC 20002**                 )
                                        )
**David Anthony, Individually, and as** )
**Chief of Staff  to the**              )
**Senior Deputy Director**              )
**Addiction and Recovery Administration**   )
**District of Columbia Department of**  )
**Health**                              )
**1300 First Street, NE Third Floor**   )
**Washington DC 20002**                 )
                                        )
**and**                                 )
                                        )
**The District of Columbia**            )
**444 Fourth Street, NW**               )
**Washington, DC 20001**                )
                                        )
          **Defendants.**               )
_____ )

## ORDER

Upon consideration of the defendants Robert Johnson, David Anthony, and the District of

Columbia's Motion to Dismiss Plaintiff's Amended Complaint, plaintiff's response thereto, if

any, and the record herein, it is this by the Court this _____ day of _____, 2007,

15

ORDERED:     that the Motion is GRANTED for the reasons set forth in the defendants'

motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint is DISMISSED against all named

defendants.

_____

JUDGE, United States District Court for the District of
Columbia

16