UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                            )
**Christina Conyers Williams**                      )
**2 Watch Hill Place**                                       )
**Gaithersburg, Md 20878**                           )
                                                                            )
       **Plaintiff,**                                              )
                                                                            )
       **v.**                                                            )
                                                                            )   **Civil Action No. 06-2076**
**Robert Johnson, Individually, and as**        )
**Senior Deputy Director**                                )
**Addiction and Recovery Administration**   )
**District of Columbia Department of**          )
**Health**                                                              )
**1300 First Street, NE Third Floor**             )
**Washington DC 20002**                                )
                                                                            )
**David Anthony, Individually, and as**         )
**Chief of Staff  to the**                                    )
**Senior Deputy Director**                                )
**Addiction and Recovery Administration**   )
**District of Columbia Department of**          )
**Health**                                                              )
**1300 First Street, NE Third Floor**             )
**Washington DC 20002**                                )
                                                                            )
**and**                                                                 )
                                                                            )
**The District of Columbia**                             )
**444 Fourth Street, NW**                              )
**Washington, DC 20001**                             )
                                                                            )
       **Defendants.**                                        )
_____)

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Robert Johnson, David Anthony, and the District of Columbia.(hereinafter "defendants"), by and through undersigned counsel, herein reply to Plaintiff's Opposition to their Motion for Dismiss Her Amended Complaint, and states as follows:

### I.  **<u>Plaintiff is Not Entitled to First Amendment Protection</u>**.

Plaintiff does not set forth sufficient facts to establish that she was speaking as a public citizen and entitled to First Amendment protection. Plaintiff's Opposition does not dispute the Supreme Court's clear and unequivocal holding that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes . . . ." *Garcetti v. Ceballos,* 126 S.Ct. 1951, 1959-60 (2006). Consistent with the holding in *Garcetti,* the District of Columbia Circuit recently held in *Wilburn v. DC*, 480 F.3d 1140 (D.C. Cir. 2007), that the plaintiff, the former interim Director of the Office of Human Rights, had *no First Amendment protection* when she complained of racism and sexism to the Department of Personnel, a Deputy Mayor, and the Mayor's Chief of Staff concerning the Department of Personnel's rejection of her salary recommendations for two (2) African American females. According to the Court, the plaintiff had no First Amendment protection because her speech was made in the context of her employment as interim Director of the Office of Human Rights, where her "official position description included identifying and eliminating discriminatory practices in employment." *Id*. at 1150.

Other Courts of Appeals have similarly held that a public employee enjoys no First Amendment Protection when the speech is made in the course of their employment responsibilities. *See Hill v. Bourough of Kutztown* 455 F.3d 225, 242 (3d Cir. 2006)(holding that a public employee enjoys no First Amendment Protection when employee reported harassment to Bourough Council when he had a duty as a Manager to report complaints) *See Mills v.*

*Evansville,* 452 F.3d 646, 648 (7th Cir. 2006)(holding that that an officer had no First Amendment protection in her speech when it was made while she was on duty, and in uniform, and the speech was made to her superiors contributing to the formation and execution of official policy). See *Green v. Bd of County Comm'rs,* 472 F.3d 794, 2007 U.S. App. Lexis 1 (10th Cir. 2007) (holding that a drug lab employee who ignored her supervisors and scheduled confirmatory drug tests she suspected were faulty was not protected by the First Amendment even though her conduct was condemned by her supervisors and not explicitly required in her day to day activities, because her acts were generally the type of activities that she was paid to do.)

In *Thompson v. District of Columbia*, 2007 U.S. Dist. Lexis 19500 *7-8 (D.D.C. March 20, 2007), the Court held that a government employee's speech was not protected by the First Amendment when it occurred in the course of plaintiff's official duties as an auditory and security officer, and "even if the speech was outside the bound of the plaintiff's job description, his speech was as a government employee and related to his professional responsibilities." Plaintiff's own averments clearly demonstrate that her speech was made in her representative capacity as a senior manager and "chief" of APRA, and her speech related to her professional responsibilities.  It does not matter whether plaintiff's testimony before Council was a regular, routine job responsibility- it only matters if her testimony and speech was made as a government employee and related to her professional responsibilities as a senior manager with APRA. The plaintiff does not dispute that her speech related to her job responsibilities.

The forum at which the plaintiff spoke is also of no consequence in this First Amendment analysis.  Just as the plaintiff in *Kutztown,* 455 F.3d at 242, enjoyed no First Amendment protection when he reported alleged harassment to the Borough Council, the plaintiff in this case

enjoys no First Amendment protection when she testified before D.C. Council as a representative of her agency concerning a program she was responsible for implementing. Ms. Conyers-Williams' supervisor chose her to appear and speak before the Council, because she managed the program, and she was clearly not speaking as a private citizen because her employer *expected* her to attend the oversight hearing and address the issues raised by the Council. See Amended Complaint, at ¶ 36. The plaintiff does not allege that she was at the oversight hearing for any personal or private reason. See Amended Complaint, generally.

The Court in *Wilburn, supra,* found that a public official seeking to make out a claim of retaliation in violation of her First Amendment rights must meet a four-factor test: 1) public employee must have spoken as a citizen on a matter of public concern; (2) Court must consider whether the governmental interest in promoting the efficiency of the public services it performs through its employees outweighs the employee's interest, as a citizen, in commenting upon matter of public concern; (3) the employee must show that her speech was a substantial factor in prompting the retaliatory or punitive act; and (4) the employee must refute the government employer's showing, if made, that it would have reached the same decision in the absence of the protected speech. "The first two factors are questions for the Court to resolve." *Wilburn,* 480 F.3d at 1149.

While at this stage of the proceedings plaintiff need not make out a prima facie case, she must plead sufficient facts to support her cause of action. Based on the allegations pled in the Amended Complaint, it is clear that plaintiff was not speaking out as a private citizen, but as an employee regarding matters within the scope of her employment. Accordingly, plaintiff is not entitled to First Amendment protection for her speech before the Council.

## II. The Defendants Are Entitled to Dismissal of Plaintiff's Whistleblower Protection Act Claims.

While the Whistleblower Protection Act (WPA) expressly provides a cause of action against the District of Columbia Government, it does not, however, provide such an express cause of action against a supervisor or individual. *Winder v. Erste*, 2005 U.S. Dist. Lexis 5190, *20-*27 (March. 31, 2005 D.D.C.); see also, D.C. Official Code § 1-615.53. Plaintiff does not dispute that the WPA does not provide a cause of action against individual supervisors, and this Court should summarily dismiss her claims against the individually named defendants.

In an effort to defeat the District of Columbia's Motion to Dismiss, plaintiff claims that her testimony related to government waste and possible fraud. However, the information contained in the Amended Complaint fails to reflect those claims. According to the Amended Complaint, plaintiff informed the Council that she was in charge of the implementation of ACIS. She then testified about the type of information that could be retrieved by the system, which was only demographic data. Lastly, she testified that ACIS would be up and running by November 2006. See Amended Complaint, at ¶¶ 39-42. These statements simply are not governed by the WPA. Accordingly, dismissal of this claim is appropriate.

## III. Plaintiff is Not Entitled to Injunctive Relief.

Plaintiff avers that while she seeks compensatory damages under 42 U.S.C. § 1983, she also seeks injunctive relief. Plaintiff submits that her claim under the statute should survive because the District defendants did not address her entitlement to injunctive relief. See Opp., generally. The District defendants moved for dismissal of the entire case because plaintiff has not demonstrated through her allegations that her speech is entitled to protection under either the First Amendment or the Whistleblower Protection Act. In order to obtain injunctive relief,

5

plaintiff must prevail on the underlying claims. Since dismissal of the underlying claims is appropriate, plaintiff would not be entitled to injunctive relief.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Amended Complaint.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
> /s/ Patricia A. Jones
>PATRICIA A. JONES [428132]
>Chief, General Litigation, Section IV
>
>/s/ Leah Brownlee Taylor
>LEAH BROWNLEE TAYLOR [488966]
>Assistant Attorney General
>441 4th Street, N.W., Sixth Floor South
>Washington, D.C. 20001
>(202) 724-7854; (202) 727-6295
>leah.taylor@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christina Conyers Williams<br>2 Watch Hill Place<br>Gaithersburg, Md 20878<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Robert Johnson, Individually, and as<br>Senior Deputy Director<br>Addiction and Recovery Administration<br>District of Columbia Department of<br>Health<br>1300 First Street, NE Third Floor<br>Washington DC 20002<br><br>David Anthony, Individually, and as<br>Chief of Staff to the<br>Senior Deputy Director<br>Addiction and Recovery Administration<br>District of Columbia Department of<br>Health<br>1300 First Street, NE Third Floor<br>Washington DC 20002<br><br>and<br><br>The District of Columbia<br>444 Fourth Street, NW<br>Washington, DC 20001<br><br>　　　　Defendants. | Civil Action No. 06-2076 |

**<u>ORDER</u>**

　　Upon consideration of the defendants Robert Johnson, David Anthony, and the District of Columbia's Motion to Dismiss Plaintiff's Amended Complaint, plaintiff's response thereto,

defendants' reply, and the record herein, it is this by the Court this _____ day of

_____, 2007,

      ORDERED:   that the Motion is GRANTED for the reasons set forth in the defendants' motion and reply; and it is

      FURTHER ORDERED:   that plaintiff's Complaint is DISMISSED against all named defendants.

                                           _____
                                           JUDGE, United States District Court for the District of Columbia