UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christina Conyers Williams, <br><br> Plaintiff, <br><br> v. <br><br> Robert Johnson, *et al.*, <br><br> Defendants. | C.A. No.: 06-2076 (CKK) |

## JOINT SUBMISSION PURSUANT TO LOCAL RULE 16.3

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d), the parties hereby respectfully submit this joint report. Descriptions of the parties' respective positions as to each issue set forth in Local Rule 16.3(c) are set forth below. The parties' alternative proposed scheduling orders are filed as attachments to this report.

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

   There is no pending dispositive motion. The Court granted in part and denied in part Defendants' Motion to Dismiss. Plaintiff respectfully suggests that this case is unlikely to be resolved by dispositive motion. Defendants believe that this case may be properly resolved by a motion for summary judgment, after the close of discovery. The defendants' propose a schedule for summary judgment briefing as set forth in their response to issue No. 6, *infra*, and in their proposed scheduling order.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

   The plaintiff does not currently anticipate that it will be necessary to join third parties or amend the pleadings. The defendants propose that all parties shall be joined and that any

amendments to pleadings be completed within 90 days of the entry of the scheduling order by the Court. The parties do not believe any factual and legal issues can be agreed to or narrowed at this time.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe that the case should be assigned to a magistrate for all purposes.

4. **Whether there is a realistic possibility of settling the case.**

The parties are willing to explore the possibility of settlement, but believe that settlement discussions may be more appropriate with the benefit of discovery. Plaintiff has made a settlement demand and is awaiting a response from the defendants

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that the case would benefit from alternative dispute resolution procedures at this time.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions**.

The District defendants believe that this matter may be disposed of in its entirety by dispositive motion. Plaintiff does not agree. The parties agree that dispositive motions be filed no later than November 3, 2008; any responses thereto would be due no later than December 3, 2008; and any replies would be due no later than December 22, 2008.

The defendants propose the following schedule for summary judgment briefing: (a) all motions for summary judgment shall be filed by not later than 30 days after the close of

discovery; (b) all oppositions shall be filed by no later than 30 days of the filing of the initial motion; (c) replies, if any, shall be filed by no later than 15 days after the filing of any opposition.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

    The parties agree to follow the procedures set forth in Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2 for the exchange of initial disclosures. The parties will exchange initial disclosures by May 15, 2008.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

    The parties agree that the Federal Rules of Civil Procedure and the Local Rules of this Court shall govern discovery in this action. Each party shall be entitled to conduct up to ten depositions. Plaintiff believes that discovery can be completed by August 31, 2008. Plaintiff expects that a Privacy Act-Protective Order will be required and will work with counsel for defendants to agree upon a Privacy Act-Protective Order.

    **District Defendants:** The District defendants believe that the presumptive limits for complex litigation should apply. The defendants request that depositions be limited to 10 for each side, and a limit of 25 interrogatories per side. Defendants believe that discovery can be completed by September 30, 2008. The defendants further reserve the right to seek the entry of appropriate protective orders for high ranking officials of the District of Columbia government, and/or for the release of any personnel or other confidential records.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

   The parties agree to exchange expert witness reports and information, if any, pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiff's expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) be identified within 75 days of the entry of the scheduling order with rebuttal expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(C) be identified within 45 days after plaintiff has identified his experts. The defendants propose that all experts shall be deposed prior to the close of discovery.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

    The provisions of this paragraph are not applicable because this case is not a class action.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

    The parties do not anticipate the need for bifurcation. The defendants reserve their right to seek bifurcation should the need arise.

12. **The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    The parties agree that a pretrial conference should not be scheduled until the Court has decided all dispositive motions.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    The parties agree that, if necessary, a trial date should be set at the pretrial conference.

**14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

        Respectfully submitted,

        　/s/ John F. Karls
        JOHN F. KARLS [292458]
        900 17th Street, N.W., Suite 1250
        Washington, D.C. 20006
        (202) 293-3200
        Counsel for Plaintiff

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        　/s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        　/s/ Leticia L. Valdes
        LETICIA L. VALDES [461327]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 442-9845; (202) 730-1881
        Leticia.valdes@dc.gov;

        Counsel for the District Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Christina Conyers Williams,

    Plaintiff,

  v.

Robert Johnson, *et al.*,

    Defendants.

C.A. No.: 06-2076 (CKK)

## [DISTRICT DEFENDANTS' PROPOSED] SCHEDULING ORDER

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, it is on this ____ day of _____, 2008, hereby

ORDERED that the following schedule shall govern the proceedings in this action:

1. All additional parties shall be joined and all amendments to pleadings completed within 90 days of the entry of this Order, on or before July 15, 2008.

2. All discovery shall be completed by September 30, 2008.

3. Each side may conduct 10 depositions, and propound 25 interrogatories to the other side.

4. Expert discovery shall be completed by the close of discovery as follows:

    (a) Plaintiff's experts shall be identified and expert reports disclosed as described by Fed. R.Civ. P. 26(2)(B) within 75 days of the entry of this Order, or by June 30, 2008, whichever date is the latest.

      (b)    Rebuttal experts, as described by Fed. R.Civ. P. 26(2)(C), shall be identified and rebuttal reports disclosed 45 days after plaintiff's disclosure of experts, or by August 15, 2008, whichever date is the latest.

      (c)    Depositions of all experts shall be completed by September 15, 2008, the close of discovery.

5    Any motion for summary judgment shall be filed on or before November 3, 2008, any opposition shall be filed by December 3, 2008, and Reply by December 22, 2008.

6.    The pretrial conference shall be held within 45 days of the Court's ruling on a motion for summary judgment. If no motion for summary judgment is filed, the pretrial conference shall be held within 45 days after the dispositive motion deadline.

7.    The trial date shall be scheduled at the Pretrial Conference.

IT IS SO ORDERED.

 

_____
Judge Colleen Kollar-Kotelly
United States District Court Judge