UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Christina Conyers Williams,

    Plaintiff,

v.

Robert Johnson, *et al.*,

    Defendants.

C.A. No.: 06-2076 (CKK)

### DEFENDANT ROBERT JOHNSON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Robert Johnson, by and through counsel, responds to the First Amended Complaint, as follows:

### FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the First Amended Complaint, defendant Robert Johnson, responds in like-numbered paragraphs as follows:

#### I. Introduction

1.     The averments contained in paragraph 1 are the conclusions of the pleader to which no response is required.

2.     Defendant Johnson denies the allegations contained in paragraph 2 of the First Amended Complaint.

#### II. Jurisdiction and Avenue

3.     The averments contained in paragraph 3 are the conclusions of the pleader to which no response is required.

4. The averments contained in paragraph 4 are the conclusions of the pleader to which no response is required.

Background Facts

5. Defendant Johnson admits that in February 2006, plaintiff was employed as Chief of the Center of Research, Evaluation and Grants (hereinafter "CREG") for the Addiction Prevention and Recovery Administration (hereinafter "APRA") in the District of Columbia Department of Health.

6. Defendant Johnson admits that in February 2006, plaintiff's job classification was Supervisory (Chief) Research Analyst, MSS 301-15, within the District of Columbia Department of Health.

7. Defendant Johnson admits that in February 2006, he was plaintiff's immediate supervisor. The remaining allegations are the conclusions of the pleader to which no response is required.

8. Defendant Johnson admits that during relevant times defendant Anthony Davis was Chief of Staff and Defendant Johnson's assistant. The remaining allegations are the conclusions of the pleader to which no response is required.

9-10. Defendant Johnson lacks sufficient information at this time to either admit or deny the averments in paragraphs 9 and 10 of the First Amended Complaint.

11. Defendant Johnson admits that upon information and belief, prior to beginning employment with the District of Columbia, plaintiff was Executive Director for the National Tuberculosis Controllers Association, Inc. Further answering, Defendant Johnson admits that upon information and belief, Ms. Williams was a Public Health Advisor for the National Center

for Infectious Diseases/Division of Mycotic Diseases at the Center for Diseases Control and Prevention.

12. Defendant Johnson admits that upon information and belief, plaintiff served in the United States Navy for three years and another three years in the Public Health Services Corps from which she was honorably discharged.

13. Defendant Johnson admits that on November 15, 2005, plaintiff received an "Exceeds Expectations" evaluation. Further answering, Defendant Johnson admits that plaintiff received a "significantly exceeds expectation" rank for professionalism, resource usage and managing people; and an "exceeds expectations" for "integrity and trust"

14. Defendant Johnson admits that plaintiff was hired in 2004 at a salary of $88,000 and that Ms. Williams' salary was $99,000 in 2006. The remaining allegations are the conclusions of the pleader to which no response is required.

15. Defendant Johnson admits that plaintiff's job requirements included to direct the day-to-day activities of the staff in research analysis, contract administration, information systems development, data management and grants administration, to provide findings to senior executive personnel in the District government, to plan and prepare technical reports, and to represent APRA in contacts with federal officials, District of Columbia agencies, and private and civic groups and organizations. Defendant Johnson denies that plaintiffs' job description does not include a requirement that she would report to the District Council or testify before the Council.

16. Defendant Johnson admits that CREG did not exist before plaintiff was hired. Further answering, Defendant Johnson denies the remaining allegations.

17. Defendant Johnson admits that in April 2005, plaintiff was given the task of implementing APRA's Client Information System (hereinafter "ACIS"), that plaintiff was assigned to conduct training on the new system for staff and contractors, and that getting ACIS on line became plaintiff's principal job responsibility.

18. Defendant Johnson admits that ACIS software was purchased especially for APRA from Softscape, Inc. of Wayland, Massachusetts (hereinafter "Softscape") to capture statistical data regarding APRA's clients, providers and local contractors to make APRA's operations more efficient.

19. Defendant Johnson admits that originally ACIS was the responsibility of Pamela Shaw, who as the chief of Client Services, previously supervised information technology (hereinafter "IT") functions.

20. Defendant Johnson denies the allegations contained in paragraph 20 of the First Amended Complaint.

21. Defendant Johnson admits that after plaintiff took over the duties related to ACIS, her staff increased from six to 10, and included three outside contract employees and Troy Sampson, an IT specialist.

22. Defendant Johnson admits that when ACIS was first assigned to plaintiff, she asked Ms. Shaw for a copy of the contract and for other information related to the contract. Further answering, defendant Johnson does not believe that Ms. Shaw gave plaintiff a copy of the contract, but denies that the only information Ms. Shaw gave plaintiff was the date of future scheduled meetings between APRA and Softscape.

23. Defendant Johnson denies the allegations in paragraph 23 of the First Amended Complaint.

24. Defendant Johnson denies the allegations set forth in paragraph 24 of the First Amended Complaint.

25. Defendant Johnson admits that the first project in ACIS, known as Phase 1.0 was to provide on line information about the experiences of clients at the detoxification unit at DC General Hospital, that ACIS was to provide managers with information such as who the clients were, when they were admitted, how long they waited to be served and what services they received. Further answering, Defendant Johnson denies that many of the employees at the detoxification unit had never used a computer, so they had to be trained in basic computer literacy.

26-28. Defendant Johnson denies the allegations set forth in paragraphs 26 through 28 of the First Amended Complaint.

29. Defendant Johnson admits that Phase 2 of ACIS was scheduled to begin November 2005, and that Phase 2.0 was designed to provide information online about the six additional APRA programs not included in Phase 1.0. Further answering, Defendant Johnson admits that Phase 3 was designed to provide information about outside contractors of services to APRA and had been scheduled to begin in February 2006.

30. Defendant Johnson admits that by the mid-February 2006 Phase 2.0 had not yet begun.

31-32. Defendant Johnson denies the allegations set forth in paragraphs 31 and 32 of the First Amended Complaint.

33. Defendant Johnson admits that a routine oversight hearing was scheduled for February 14, 2006, before the Committee on Health of the Council of the District of Columbia headed by Councilman David A. Catania.

34.     Defendant Johnson admits that in January 2006, APRA received a set of questions from the Council to use in preparation for the hearing, that the questions covered every program in APRA, that the questions were sent to the chiefs of the respective programs for answers and that plaintiff and Mr. Sampson provided written answers to the questions. This defendant denies that he misrepresented information to the D.C. Council. The remaining allegations are the conclusions of the pleader to which no response is required.

35.     Defendant Johnson admits that he was to represent APRA at the oversight hearing. The remaining allegations of paragraph 35 are denied.

36.     Defendant Johnson admits that all APRA's senior management personnel were expected to attend the oversight hearing to assist Defendant Johnson in providing answers to questions presented by the Council and that plaintiff was told there was a small chance that she could be called to testify at the oversight hearing. Further answering, Defendant Johnson denies the remaining allegations.

37-40.  Defendant Johnson admits the allegations in paragraphs 37 through 40 of the First Amended Complaint.

41.     Defendant Johnson admits that Mr. Cantania asked what type of specific information was being retrieved by the new system and plaintiff replied that only demographic data such as gender, age and ethnicity of the recipients of APRA's services was collected at that time. The remaining allegations are the conclusions of the pleader to which no response is required.

42.     Defendant Johnson admits that Mr. Catania was not happy with the lack of progress in view of the large amount of public funds that had been spent on the system and that Mr. Catania said the system should have been completely on line two years earlier. Further

answering, upon information and belief, plaintiff responded that ACIS would be up and running by October 2006. Defendant Johnson further admits that Mr. Catania stated that if Ms. Williams actually had ACIS operating by the end of 2006, he would personally make sure she received a promotion. The remaining allegations are the conclusions of the pleader to which no response is required.

      43.     Defendant Johnson denies that Mr. Catania, *sua sponte*, then raised an issue as to whether some kind of fraud had taken place within APRA because of the large amount of money involved. The remaining allegations are the conclusions of the pleader to which no response is required.

      44.     Defendant Johnson admits that on February 15, 2006, the day following the council hearing, he sent an email to the managers who had attended the oversight hearing to attend a "debriefing" that same day.

      45-53.  Defendant Johnson denies the allegations contained in paragraphs 45 through 53 of the First Amended Complaint.

      54-57  Defendant Johnson lacks sufficient information at this time to either admit or deny the averments in paragraphs 54 through 57 of the First Amended Complaint.

      58.     Defendant Johnson denies the allegations contained in paragraph 58 of the First Amended Complaint.

      59-60.  Defendant Johnson admits the allegations contained in paragraphs 59 and 60 of the First Amended Complaint.

      61.     Defendant Johnson lacks personal information to either admit or deny the allegations contained in paragraph 61.

62.     Defendant Johnson lacks personal information to either admit or deny whether plaintiff was advised that she was hired because of a residency preference.  Further answering, this defendant denies that plaintiff was not told about the residency requirement.

63.     The allegations contained in paragraph 63 are the conclusions of the pleader to which no response is required.

64-68.  Defendant Johnson lacks sufficient information at this time to either admit or deny the averments in paragraphs 64 through 68 of the First Amended Complaint.

69.     Defendant Johnson admits the averments contained in paragraph 69 of the First Amended Complaint.

70-71.  Defendant Johnson denies the allegations contained in paragraphs 70 and 71 of the First Amended Complaint.

72.     Defendant Johnson lacks sufficient information at this time to either admit or deny the averments in paragraph 72 of the First Amended Complaint.

73.     Defendant Johnson admits that he told plaintiff she was late with APRA's principal grant proposal. Defendant Johnson denies the remaining averments contained in paragraph 73 of the First Amended Complaint.

74.     Defendant Johnson admits that he provided plaintiff with a letter on October 4, 2006, stating that she was late in filing the block grant application and exhibited poor management.  The remaining allegations are the conclusions of the pleader to which no response is required.

75-79   Defendant Johnson denies the allegations contained in paragraphs 75 through 79 of the First Amended Complaint.

80. Defendant Johnson lacks sufficient information at this time to either admit or deny the averments in paragraph 80 of the First Amended Complaint.

81. Defendant Johnson denies the allegations contained in paragraph 81 of the First Amended Complaint.

82. Defendant Johnson lacks personal information to either admit or deny when plaintiff allegedly filed notice with the Office of Risk Management pursuant to § 12-309. This defendant denies the remaining allegations contained in paragraph 82 of the First Amended Complaint.

83-84. Defendant Johnson denies the allegations contained in paragraphs 83 and 84 of the First Amended Complaint.

85. Defendant Johnson lacks sufficient information at this time to either admit or deny the averments in paragraphs 85 of the First Amended Complaint.

86. Defendant Johnson admits that Ms. Shaw was the only other DOH chief besides plaintiff located at 33 N Street, N.W. Defendant Johnson lacks sufficient information at this time to either admit or deny the remaining averments contained in paragraph 86 of the First Amended Complaint.

87. Defendant Johnson denies the allegations contained in paragraph 87 of the First Amended Complaint.

88. Defendant Johnson admits the averments contained in paragraph 88 of the First Amended Complaint.

89. Defendant Johnson denies the allegations contained in paragraph 89 of the First Amended Complaint.

90. Defendant Johnson admits that on October 16, 2006, representatives of the accounting firm KPMG began a review of the administration at APRA. Further answering, this defendant lacks personal information at this time to either admit or deny the remaining averments contained in paragraph 90 of the First Amended Complaint.

91-93 Defendant Johnson denies the allegations contained in paragraphs 91 through 93 of the First Amended Complaint.

94. Defendant Johnson lacks sufficient information at this time to either admit or deny the averments in paragraph 94 of the First Amended Complaint.

95-97 Defendant Johnson denies the allegations contained in paragraphs 95 through 97 of the First Amended Complaint.

98-100 Defendant Johnson lacks sufficient information at this time to either admit or deny the averments in paragraphs 98 through 100 of the First Amended Complaint.

Count I
Violation of the First Amendment of the U.S. Constitution

101. Defendant Johnson reasserts each and every response contained in paragraphs 1 through 100 above as if fully set forth herein and hereby incorporates them by reference.

102-107. The allegations in paragraphs 102 through 107 of the First Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, defendant Johnson denies the allegations.

Count II
Violation of the D.C. Whistleblower Act

108. Defendant Johnson reasserts each and every response contained in paragraphs 1 through 107 above as if fully set forth herein and hereby incorporates them by reference.

109-113.   The allegations in paragraphs 109 through 113 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, defendant Johnson denies the allegations

Further answering, defendant Johnson denies all allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to.

### THIRD DEFENSE

Plaintiff's claims against Defendant Johnson do not rise to the level of a constitutional violation and/or any other discriminatory misconduct.

### FOURTH DEFENSE

Defendant Johnson enjoys qualified immunity for his complained about conduct.

### FIFTH DEFENSE

Plaintiff may have failed to fully exhaust her administrative remedies and failed to comply with other mandatory filing requirements.

### SXTH DEFENSE

The applicable statutes of limitations bars part and/or all of this action against Defendant Johnson.

### SEVENTH DEFENSE

Plaintiff may have failed to mitigate her damages.

### EIGHTH DEFENSE

Plaintiff cannot establish that Defendant Johnson created a hostile work environment, and/or retaliated against her for allegedly engaging in protected activity.

**NINTH DEFENSE**

Defendant Johnson denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, the U.S. Constitution, District of Columbia law, and statutory and operational standards.

Defendant Johnson reserves the right to assert any additional defenses of which he may become aware during discovery in this matter, as well as the right to delete any defenses previously raised herein based on the evidence adduced during discovery pursuant to Fed. R. Civ. P. 15.

**JURY DEMAND**

Defendant Johnson demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, Defendant Johnson Robert Johnson requests that the plaintiff's First Amended Complaint be dismissed with prejudice, with costs awarded.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

          /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

          /s/ Leticia L. Valdes
        LETICIA L. VALDES [0461327]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 442-9845; (202) 727-6295
        Leticia.valdes@dc.gov