**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Christina Conyers Williams,

    Plaintiff,

v.

Robert Johnson, *et al.*,

    Defendants.

C.A. No.: 06-2076 (CKK)

**DEFENDANT DAVID ANTHONY'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant, David Anthony, by and through counsel, responds to the First Amended Complaint, as follows:

**FIRST DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the First Amended Complaint, defendant David Anthony, responds in like-numbered paragraphs as follows:

I. Introduction

1.    The averments contained in paragraph 1 are the conclusions of the pleader to which no response is required.

2.    This defendant denies the allegations contained in paragraph 2 of the First Amended Complaint.

II. Jurisdiction and Avenue

3.    The averments contained in paragraph 3 are the conclusions of the pleader to which no response is required.

4. The averments contained in paragraph 4 are the conclusions of the pleader to which no response is required.

Background Facts

5. Defendant Anthony admits that in February 2006, plaintiff was employed as Chief of the Center of Research, Evaluation and Grants (hereinafter "CREG") for the Addiction Prevention and Recovery Administration (hereinafter "APRA") in the District of Columbia Department of Health.

6. Defendant Anthony admits that in February 2006, plaintiff's job classification was Supervisory (Chief) Research Analyst, MSS 301-15, within the District of Columbia Department of Health.

7. Defendant Anthony admits that in February 2006, defendant Johnson was plaintiff's immediate supervisor. The remaining allegations are the conclusions of the pleader to which no response is required.

8. Defendant Anthony admits that during relevant times he was Chief of Staff and defendant Johnson's assistant. The remaining allegations are the conclusions of the pleader to which no response is required.

9-12. Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraphs 9 through 12 of the First Amended Complaint.

13. Defendant Anthony admits the allegations in paragraph 13 of the First Amended Complaint.

14. Defendant Johnson admits that plaintiff was hired in 2004 at a salary of $88,000 and that Ms. Williams' salary was $99,000 in 2006. The remaining allegations are the conclusions of the pleader to which no response is required.

15. Defendant Anthony admits that plaintiff's job requirements included to direct the day-to-day activities of the staff in research analysis, contract administration, information systems development, data management and grants administration, to provide findings to senior executive personnel in the District government, to plan and prepare technical reports, and to represent APRA in contacts with federal officials, District of Columbia agencies, and private and civic groups and organizations. Defendant Anthony denies that plaintiffs' job description does not include a requirement that she would report to the District Council or testify before the Council.

16. Defendant Anthony admits that CREG did not exist before plaintiff was hired. Further answering, Defendant Anthony denies the remaining allegations.

17. Defendant Anthony admits that in April 2005, plaintiff was given the task of implementing APRA's Client Information System (hereinafter "ACIS"), that plaintiff was assigned to conduct training on the new system for staff and contractors, and that getting ACIS on line became plaintiff's principal job responsibility.

18-20. Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraphs 18 through 20 of the First Amended Complaint.

21. Defendant Anthony admits that after plaintiff took over the duties related to ACIS, her staff increased from six to 10, and included three outside contract employees and Troy Sampson, an IT specialist.

22. Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraph 22 of the First Amended Complaint.

23-24. Defendant Anthony denies the allegations in paragraphs 23 and 24 of the First Amended Complaint.

25-27.   Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraphs 25 and 27 of the First Amended Complaint.

28.   Defendant Anthony denies the allegations in paragraph 28 of the First Amended Complaint.

29-32.   Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraphs 29 and 32 of the First Amended Complaint.

33.   Defendant Anthony admits that a routine oversight hearing was scheduled for February 14, 2006, before the Committee on Health of the Council of the District of Columbia headed by Councilman David A. Catania.

34.   Defendant Anthony admits that in January 2006, APRA received a set of questions from the Council to use in preparation for the hearing, that the questions covered every program in APRA, that the questions were sent to the chiefs of the respective programs for answers and that plaintiff and Mr. Sampson provided written answers to the questions. Defendant Anthony denies the remaining averments in paragraph 34 of the First Amended Complaint.

35.   Defendant Anthony admits the allegations in paragraph 35 of the First Amended Complaint.

36.   Defendant Anthony admits that all APRA's senior management personnel were expected to attend the oversight hearing to assist Defendant Johnson in providing answers to questions presented by the Council and that plaintiff was told there was a small chance that she could be called to testify at the oversight hearing. Further answering, Defendant Anthony denies the remaining allegations.

37-40.   Defendant Anthony admits the allegations in paragraphs 37 through 40 of the First Amended Complaint.

41.    Defendant Anthony admits that Mr. Cantania asked what type of specific information was being retrieved by the new system and plaintiff replied that only demographic data such as gender, age and ethnicity of the recipients of APRA's services was collected at that time. The remaining allegations are the conclusions of the pleader to which no response is required.

42.    Defendant Anthony admits that Mr. Catania was not happy with the lack of progress in view of the large amount of public funds that had been spent on the system and that Mr. Catania said the system should have been completely on line two years earlier. Further answering, upon information and belief, plaintiff responded that ACIS would be up and running by October or November 2006. Defendant Anthony further admits that Mr. Catania stated that if Ms. Williams actually had ACIS operating by the end of 2006, he would personally make sure she received a promotion.  The remaining allegations are the conclusions of the pleader to which no response is required.

43.    The allegations in paragraph 43 are the conclusions of the pleader to which no response is required.

44.    Defendant Anthony admits that on February 15, 2006, the day following the council hearing, defendant Johnson sent an email to the managers who had attended the oversight hearing to attend a "debriefing" that same day.

45-53.  Defendant Anthony denies the allegations contained in paragraphs 45 through 53 of the First Amended Complaint.

54-60.   Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraphs 54 through 60 of the First Amended Complaint.

61.   Defendant Anthony denies that he accused plaintiff of violating an alleged statutory requirement that she remain a resident of the District of Columbia.  Further answering, this defendant lacks personal information to either admit or deny the remaining allegations contained in paragraph 61.

62.   Defendant Anthony denies the allegations in paragraph 62 of the First Amended Complaint.

63.   The allegations contained in paragraph 63 are the conclusions of the pleader to which no response is required.  To the extent a response is required, this defendant admits that he submitted information to Mr. Toliver related to plaintiff's residency.

64-66.   Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraphs 64 through 66 of the First Amended Complaint.

67.   Defendant Anthony denies the allegations in paragraph 67 of the First Amended Complaint.

68.   Defendant Anthony admits the averments contained in paragraph 68 of the First Amended Complaint.

69.   Defendant Anthony admits that a hearing was held on June 19, 2006, and that the Director of Personnel dismissed the Notice to Show Cause.  The remaining allegations are the conclusions of the pleader to which no response is required.

70-72.   Defendant Anthony denies the allegations contained in paragraphs 70 through 72 of the First Amended Complaint.

73. Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraphs 73 of the First Amended Complaint.

74. Defendant Anthony admits that plaintiff was provided with a letter on October 4, 2006, stating that she was late in filing the block grant application and exhibited poor management. The remaining allegations are the conclusions of the pleader to which no response is required.

75. Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraph 75 of the First Amended Complaint.

76. Defendant Anthony admits that ACIS was no longer plaintiff's responsibility, and that her staff of 10 became a staff of 4.

77-79. Defendant Anthony denies the allegations contained in paragraphs 77 through 79 of the First Amended Complaint.

80. Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraph 80 of the First Amended Complaint.

81-83. Defendant Anthony denies the allegations in paragraphs 81 through 83 of the First Amended Complaint.

84. Defendant Anthony admits that in September 2006, the office space at 33 N Street, N.W. was painted and carpeted and telephone lines and computer modems installed. The remaining allegations are the conclusions of the pleader to which no response is required.

85. Defendant Anthony denies the allegations in paragraphs 85 of the First Amended Complaint.

86. Defendant Anthony admits that Ms. Shaw was the only other DOH chief besides plaintiff located at 33 N Street, N.W. The remaining averments contained in paragraph 86 of the First Amended Complaint are.

87. Defendant Anthony denies the allegations contained in paragraph 87 of the First Amended Complaint.

88. Defendant Anthony admits the averments contained in paragraph 88 of the First Amended Complaint.

89-93. Defendant Anthony lacks personal information at this time to either admit or deny the averments contained in paragraphs 89 through 93 of the First Amended Complaint.

94. Defendant Anthony admits the averments in paragraph 94 of the First Amended Complaint.

95-97. Defendant Anthony denies the allegations contained in paragraphs 95 through 97 of the First Amended Complaint.

98-99. Defendant Anthony lacks sufficient information at this time to either admit or deny the averments in paragraphs 98 and 99 of the First Amended Complaint.

100. Defendant Anthony lacks sufficient information at this time to either admit or deny what Ms. Linda Fisher, Interim Deputy Director of APRA advised plaintiff. This defendant denies the remaining averments in paragraph 100 of the First Amended Complaint.

Count I
Violation of the First Amendment of the U.S. Constitution

101. Defendant Anthony reasserts each and every response contained in paragraphs 1 through 100 above as if fully set forth herein and hereby incorporates them by reference.

102-107. The allegations in paragraphs 102 through 107 of the First Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendant Anthony denies the allegations.

Count II
Violation of the D.C. Whistleblower Act

108. Defendant Anthony reasserts each and every response contained in paragraphs 1 through 107 above as if fully set forth herein and hereby incorporates them by reference.

109-113. The allegations in paragraphs 109 through 113 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, Defendant Anthony denies the allegations

Further answering, Defendant Anthony denies all allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to.

### THIRD DEFENSE

Plaintiff's claims against Defendant Anthony do not rise to the level of a constitutional violation and/or any other discriminatory misconduct.

### FOURTH DEFENSE

Defendant Anthony enjoys qualified immunity for his complained about conduct.

### FIFTH DEFENSE

Plaintiff may have failed to fully exhaust her administrative remedies and failed to comply with other mandatory filing requirements.

### SXTH DEFENSE

The applicable statutes of limitations bars part and/or all of this action against Defendant Anthony.

## SEVENTH DEFENSE

Plaintiff may have failed to mitigate her damages.

## EIGHTH DEFENSE

Plaintiff cannot establish that Defendant Anthony created a hostile work environment, and/or retaliated against her for allegedly engaging in protected activity.

## NINTH DEFENSE

Defendant Anthony denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, the U.S. Constitution, District of Columbia law, and statutory and operational standards.

Defendant Anthony reserves the right to assert any additional defenses of which he may become aware during discovery in this matter, as well as the right to delete any defenses previously raised herein based on the evidence adduced during discovery pursuant to Fed. R. Civ. P. 15.

## JURY DEMAND

Defendant Anthony demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, Defendant Anthony requests that the plaintiff's First Amended Complaint be dismissed with prejudice, with costs awarded.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


     /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


     /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 727-6295
Leticia.valdes@dc.gov