UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Christina Conyers Williams,

    Plaintiff,

v.

Robert Johnson, *et al.*,

    Defendants.

C.A. No.: 06-2076 (CKK)

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, District of Columbia, by and through counsel, responds to the First Amended Complaint, as follows:

### FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the First Amended Complaint, defendant District of Columbia, responds in like-numbered paragraphs as follows:

### I. Introduction

1.    The averments contained in paragraph 1 are the conclusions of the pleader to which no response is required.

2.    This defendant denies the allegations contained in paragraph 2 of the First Amended Complaint.

### II. Jurisdiction and Avenue

3.    The averments contained in paragraph 3 are the conclusions of the pleader to which no response is required.

4.      The averments contained in paragraph 4 are the conclusions of the pleader to which no response is required.

## Background Facts

5.      Defendant District admits that in February 2006, plaintiff was employed as Chief of the Center of Research, Evaluation and Grants (hereinafter "CREG") for the Addiction Prevention and Recovery Administration (hereinafter "APRA") in the District of Columbia Department of Health.

6.      Defendant District admits that in February 2006, plaintiff's job classification was Supervisory (Chief) Research Analyst, MSS 301-15, within the District of Columbia Department of Health.

7.      Defendant District admits that in February 2006, defendant Johnson was plaintiff's immediate supervisor. The remaining allegations are the conclusions of the pleader to which no response is required.

8.      Defendant District admits that during relevant times defendant Anthony was Chief of Staff and defendant Johnson's assistant. The remaining allegations are the conclusions of the pleader to which no response is required.

9-12.   Defendant District lacks sufficient information at this time to either admit or deny the averments in paragraphs 9 through 12 of the First Amended Complaint.

13-14.  Defendant District admits the allegations in paragraphs 13 and 14 of the First Amended Complaint.

15.     Defendant District admits that plaintiff's job requirements included to direct the day-to-day activities of the staff in research analysis, contract administration, information systems development, data management and grants administration, to provide findings to senior

executive personnel in the District government, to plan and prepare technical reports, and to represent APRA in contacts with federal officials, District of Columbia agencies, and private and civic groups and organizations. Defendant District denies that plaintiffs' job description does not include a requirement that she would report to the District Council or testify before the Council.

16. Defendant District admits that CREG did not exist before plaintiff was hired. Further answering, Defendant District denies the remaining allegations.

17. Defendant District admits that in April 2005, plaintiff was given the task of implementing APRA's Client Information System (hereinafter "ACIS"), that plaintiff was assigned to conduct training on the new system for staff and contractors, and that getting ACIS on line became plaintiff's principal job responsibility.

18. Defendant District admits that ACIS software was purchased for APRA from Softscape, Inc. of Wayland, Massachusetts (hereinafter "Softscape") to capture statistical data regarding APRA's clients, providers and local contractors to make APRA's operations more efficient.

19. Defendant District admits the allegations in paragraph 19 of the First Amended Complaint.

20. Defendant District lacks sufficient information at this time to either admit or deny the averments in paragraph 20 of the First Amended Complaint.

21. Defendant District admits that after plaintiff took over the duties related to ACIS, her staff increased from six to 10, and included three outside contract employees and Troy Sampson, an IT specialist.

22. Defendant District lacks sufficient information at this time to either admit or deny the averments in paragraph 22 of the First Amended Complaint.

23. Defendant District denies the allegations in paragraphs 23 of the First Amended Complaint.

24. Defendant District lacks sufficient information at this time to either admit or deny the averments in paragraph 24 of the First Amended Complaint.

25. Defendant District admits that the first project in ACIS, known as Phase 1.0 was to provide on line information about the experiences of clients at the detoxification unit at DC General Hospital, that ACIS was to provide managers with information such as who the clients were, when they were admitted, how long they waited to be served and what services they received. Further answering, Defendant District denies the remaining allegations.

26-27. Defendant District lacks sufficient information at this time to either admit or deny the averments in paragraphs 26 and 27 of the First Amended Complaint.

28. Defendant District denies the allegations in paragraph 28 of the First Amended Complaint.

29. Defendant District lacks sufficient information at this time to either admit or deny the averments in paragraph 29 of the First Amended Complaint.

30. Defendant District admits that by the mid-February 2006 Phase 2.0 had not yet begun.

31-32. Defendant District lacks sufficient information at this time to either admit or deny the averments in paragraphs 31 and 32 of the First Amended Complaint.

33. Defendant District admits that a routine oversight hearing was scheduled for February 14, 2006, before the Committee on Health of the Council of the District of Columbia headed by Councilman David A. Catania.

34. Defendant District admits that in January 2006, APRA received a set of questions from the Council to use in preparation for the hearing, that the questions covered every program in APRA, that the questions were sent to the chiefs of the respective programs for answers, that plaintiff and Mr. Sampson provided written answers to the questions, that Defendant District changed the answers and represented to the D.C. Council that Phase 2 of the ACIS contract would be complete by June 2006. The remaining allegations are the conclusions of the pleader to which no response is required.

35. Defendant District admits that defendant Johnson was to represent APRA at the oversight hearing. The District lacks sufficient information to either admit or deny the remaining allegations in paragraph 35 of the First Amended Complaint.

36. Defendant District admits that all APRA's senior management personnel were expected to attend the oversight hearing to assist Defendant District in providing answers to questions presented by the Council and that plaintiff was told there was a chance that she could be called to testify at the oversight hearing. Further answering, Defendant District denies the remaining allegations.

37-40. Defendant District admits the allegations in paragraphs 37 through 40 of the First Amended Complaint.

41. Defendant District admits that Mr. Cantania asked what type of specific information was being retrieved by the new system and plaintiff replied that only demographic data such as gender, age and ethnicity of the recipients of APRA's services was collected at that time. The remaining allegations are the conclusions of the pleader to which no response is required.

42. Defendant District admits that Mr. Catania was not happy with the lack of progress in view of the large amount of public funds that had been spent on the system and that Mr. Catania said the system should have been completely on line two years earlier. Further answering, upon information and belief, plaintiff responded that ACIS would be up and running by October or November 2006. Defendant District further admits that Mr. Catania stated that if Ms. Williams actually had ACIS operating by the end of 2006, he would personally make sure she received a promotion. The remaining allegations are the conclusions of the pleader to which no response is required.

43. The allegations are the conclusions of the pleader to which no response is required.

44. Defendant District lacks sufficient information to either admit or deny the allegations in paragraph 44 of the First Amended Complaint.

45-53. Defendant District denies the allegations contained in paragraphs 45 through 53 of the First Amended Complaint.

54-61. This defendant lacks sufficient information at this time to either admit or deny the averments in paragraphs 54 through 61 of the First Amended Complaint.

62. This defendant denies the allegations contained in paragraph 62 of the First Amended Complaint.

63. This defendant lacks sufficient information to either admit or deny the allegations set forth in paragraph 63 of the First Amended Complaint.

64-67. This defendant lacks sufficient information at this time to either admit or deny the averments in paragraphs 64 through 67 of the First Amended Complaint.

68.     This defendant admits the allegations set forth in paragraph 68 of the First Amended Complaint.

69.     Defendant District admits that a hearing was held on June 19, 2006, and that the Director of Personnel dismissed the Notice to Show Cause.  The remaining allegations are the conclusions of the pleader to which no response is required.

70-73.  This defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 70 through 73 of the First Amended Complaint. To the extent a response is required, this defendant denies the allegations.

74.     Defendant District admits that plaintiff was provided with a letter on October 4, 2006, stating that she was late in filing the block grant application and exhibited poor management.  The remaining allegations are the conclusions of the pleader to which no response is required.

75.     Defendant District admits that plaintiff was the responsibility for implementing the ACIS project was taken from plaintiff.  This defendant lacks sufficient information at this time to either admit or deny the remaining averments in paragraph 75 of the First Amended Complaint.

76.     Defendant District admits that ACIS was no longer plaintiff's responsibility, and that her staff of 10 became a staff of 4.

77-79.  This defendant denies the allegations contained in paragraphs 77 through 79 of the First Amended Complaint.

80.     This defendant lacks sufficient information at this time to either admit or deny the averments in paragraph 80 of the First Amended Complaint.

81.	This defendant denies the allegations contained in paragraph 81 of the First Amended Complaint.

82-85.	This defendant lacks sufficient information at this time to either admit or deny the averments in paragraphs 82 through 85 of the First Amended Complaint.

86.	This defendant admits that Ms. Shaw is the only other DOH chief who was located at 33 N Street, N.W.  The remaining averments contained in paragraph 86 of the First Amended Complaint are the conclusion of the pleader to which no response is required.

87.	This defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 87 of the First Amended Complaint.  To the extent a response is required, the allegations are denied.

88.	This defendant admits the averments contained in paragraph 88 of the First Amended Complaint.

89.	This defendant denies the allegations contained in paragraph 89 of the First Amended Complaint.

90-92.	This defendant lacks sufficient information at this time to either admit or deny the averments in paragraphs 90 through 92 of the First Amended Complaint.

93.	This defendant denies the allegations contained in paragraph 93 of the First Amended Complaint.

94.	This defendant admits the averments contained in paragraph 94 of the First Amended Complaint.

95-96.	This defendant lacks sufficient information at this time to either admit or deny the averments in paragraphs 95 and 96 of the First Amended Complaint.  To the extent a response is required, the allegations are denied.

8

97.     The allegations in 97 of the First Amended Complaint are the conclusions of the pleader to which no response is required.

98-99.  The allegations contained in paragraphs 98 and 99 of the First Amended Complaint are the legal conclusions of the pleader to which no response is required.

100.    The District la lacks sufficient information at this time to either admit or deny the averments in paragraph 100 of the First Amended Complaint.

## Count I
### Violation of the First Amendment of the U.S. Constitution

101.    Defendant District reasserts each and every response contained in paragraphs 1 through 100 above as if fully set forth herein and hereby incorporates them by reference.

102-107. The allegations in paragraphs 102 through 107 of the First Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendant District denies the allegations.

## Count II
### Violation of the D.C. Whistleblower Act

108.    Defendant District reasserts each and every response contained in paragraphs 1 through 107 above as if fully set forth herein and hereby incorporates them by reference.

109-113.  The allegations in paragraphs 109 through 113 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, Defendant District denies the allegations

Further answering, this defendant denies all allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to.

**THIRD DEFENSE**

Plaintiff's claims against this defendant do not rise to the level of a constitutional violation and/or any other discriminatory misconduct.

**FOURTH DEFENSE**

Plaintiff may have failed to fully exhaust her administrative remedies and failed to fully comply with other mandatory filing requirements, including D.C. Official Code § 12-309.

**FIFTH DEFENSE**

Plaintiff may have failed to mitigate her damages.

**SXTH DEFENSE**

The applicable statutes of limitations may bar part and/or all of this action against this defendant.

**SEVENTH DEFENSE**

This defendant denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, the U.S. Constitution, District of Columbia law, and statutory and operational standards.

**EIGHTH DEFENSE**

Plaintiff cannot establish that this defendant created a hostile work environment, and/or retaliated against her for allegedly engaging in protected activity.

**NINTH DEFENSE**

The plaintiff's EEOC claim and/or lawsuit may have been filed in an untimely fashion with respect to plaintiff's claims against this defendant.

### TENTH DEFENSE

The District cannot be held liable for the alleged constitutional misconduct of its employees under a theory of *respondeat superior* liability.

### ELEVENTH DEFENSE

Plaintiff cannot establish that a District custom, policy or practice was the moving force behind her alleged injuries or that a final policymaker caused her injuries.

### TWELFTH DEFENSE

The District had a legitimate business reason for any actions it took with respect to plaintiff's employment.

### THIRTEEN DEFENSE

The District asserts a set-off for any public funds provided to plaintiff, including the payment of Medicare, or other public benefits.

### FOURTEENTH DEFENSE

Plaintiff did not speak out on a matter of public concern.

### FIFTEENTH DEFENSE

Plaintiff failed to take advantage of the grievance procedures provided by this defendant.

This defendant reserves the right to assert any additional defenses of which he may become aware during discovery in this matter, as well as the right to delete any defenses previously raised herein based on the evidence adduced during discovery.

### JURY DEMAND

This defendant demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant District of Columbia requests that the plaintiff's First Amended Complaint be dismissed with prejudice, with costs awarded. FURTHER, this defendant reserves the right to amend this answer pursuant to Fed. R. Civ. P. 15.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 727-6295
Leticia.valdes@dc.gov