UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINA CONYERS WILLIAMS,

Plaintiff,

v.

DISTRICT OF COLUMBIA,

Defendant.

Civil Action No. 06-02076 (CKK)

MEMORANDUM OPINION
(August 17, 2011)

In this action, Plaintiff Christina Conyers Williams ("Williams") claims that Defendant the District of Columbia (the "District") retaliated against her in violation of the District of Columbia Whistleblower Protection Act, D.C. CODE § 1-615.01 *et seq.*, for testimony that she provided before the District of Columbia Council. The action is currently in the pretrial stage of litigation and there is now a single motion before the Court: the District's [135] Renewed Motion to Exclude Plaintiff's Exhibit 9A ("Motion to Exclude"), through which the District seeks to preclude Williams from using a purportedly privileged communication at trial on the basis that it was inadvertently produced in discovery. For the reasons set forth below, upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court will deny the District's Motion to Exclude.

I. BACKGROUND

On or about June 27, 2008, the District responded to Williams's first set of document requests. *See* Def.'s Resps. to Pl.'s First Set of Req. for Produc. of Docs. ("Def.'s Resps."), ECF No. [136-1]. Included with the District's response was what it described as a "recommendation

1

to terminate packet," *id.* at 3, which consisted of approximately 104 pages of documents pertaining to the termination of Williams's employment with the District, *see* Mem. of. P. & A. in Supp. of the District's Renewed Mot. to Exclude Pl.'s Exhibit 9A ("Def.'s Mem."), ECF No. [135], at 4; Pl.'s Opp'n to Def.'s Mot. to Exclude Pl.'s Trial Exhibit 9A ("Pl.'s Opp'n"), ECF No. [136], at 3. Within the first ten pages[1] of the packet was a two-page e-mail communication involving the then-Deputy General Counsel for the District's Department of Health, discussing certain matters relating to Williams's proposed termination.[2]

Subsequently, the District realized that it had produced the communication and sought its return.[3] On November 22, 2008, the District wrote Williams as follows:

> As we briefly discussed over the telephone, I write pursuant to Fed. R. Civ. P. 26(b)(5)(B) to request that you return a document that was inadvertently produced as part of the District of Columbia's responses to Plaintiff's Request for Production of Documents.
>
> * * *

---

[1] Williams asserts that the communication appeared in the first ten pages of the packet, *see* Pl.'s Opp'n at 3, and this assertion is left uncontested by the District.

[2] In its written responses, the District included boilerplate assertions of privilege. *See* Def.'s Resps. at 3. However, Williams asserts that the District failed to produce a privilege log as required by Rule 26(b)(5)(A) of the Federal of Rules of Civil Procedure, *see* Pl.'s Opp'n at 1, and that assertion is left uncontested by the District. Regardless, it is undisputed that the District did not assert a claim of privilege specifically with respect to the communication at issue until long after the document had been produced.

[3] The District speculates that the error was discovered close in time to November 22, 2008—the date that it notified Williams of the alleged error. *See* Def.'s Mem. at 5 ("The timing of the District's letter seems to indicate that counsel discovered the error when preparing to transfer the file [to new counsel]."). However, even though it is presumably the only party that could have firsthand knowledge of the matter, the District is unable to say with certainty when the error was actually discovered.

> As provided by Rule 26(b)(5)(B), we ask that you return this document to counsel for the District of Columbia at once. You must not use or disclose this information until, if necessary, this issue is resolved by the Court.

Ltr. From L. Valdes, Esq. to J. Karl, Esq. dated Nov. 22, 2008, ECF No. [135-1], at 1. It is undisputed that Williams never responded to the notice, favorably or unfavorably. It is similarly undisputed that the District never followed up on its letter—for example, it never asked whether Williams had destroyed or sequestered the communication when it was not "return[ed] . . . at once" as the District had requested. *Id.* Neither party promptly brought the matter to the Court's attention; in fact, in the succeeding two years and eight months, the parties proceeded as if nothing had happened at all. Nor was it for a lack of opportunity: discovery did not close until January 31, 2009; in January and February 2009, the parties filed a series of discovery-related motions, *see, e.g.*, Def.'s Mot. to Quash 30(b)(6) Dep., ECF No. [48]; Def.'s Mot. to Quash on Behalf of Tori Whitney, ECF No. [49]; in July 2009, the parties cross-moved for summary judgment, *see* Def.'s Mot. for Summ. J., ECF No. [68]; Pl.'s Mot. for Partial Summ. J., ECF No. [72]; and, in July 2010, the parties filed a round of motions *in limine*, *see, e.g.*, Def.'s Mots. *in Limine*, ECF No. [92]. At no point during these extensive proceedings did the parties bring the matter to the Court's attention.

The matter was revived when the parties began preparing in earnest for the trial in this action. In or about July 2011, the parties exchanged revised proposed exhibit lists. Williams's exhibit list identified her "Exhibit 9A" as "Johnson email re Williams," which the parties agree is a reference to the purportedly privileged communication at issue.[4] *See* Pl.'s Revised Exhibit

---

[4] Although the parties had exchanged proposed exhibit lists on a prior occasion, the first iteration of Williams's exhibit list did not identify the communication as a potential exhibit. *See* Pl.'s Exhibits, ECF No. [101-2].

List, ECF No. [130-1], at 2. On July 20, 2011, the District filed a [133] Motion to Exclude Plaintiff's Exhibit 9A.

During a Status Hearing on July 22, 2011, the Court expressed a number of concerns with the District's motion as it was then framed, indicated that the motion would be denied without prejudice, and granted the District leave to file a renewed motion addressing the Court's concerns. *See* Order (July 25, 2011), ECF No. [134], at 10, 13. The Court set an appropriate briefing schedule and the parties were directed to address, *inter alia*:

> (a) [W]hether [the District] took reasonable steps to protect the information from inadvertent disclosure, and (b) whether [the District] took reasonable steps to rectify the inadvertent disclosure once discovered.

*Id.* at 10. In accordance with the briefing schedule set by the Court, the District filed the pending Motion to Exclude on July 27, 2011. *See* Def.'s Mem. After reviewing the District's papers, the Court further instructed the parties as follows:

> The Court observes that [the District] has taken the position that providing an opposing party with notice of an inadvertent disclosure under Rule 26(b)(5)(B) is sufficient to constitute "reasonable steps to rectify the error." FED. R. EVID. 502(b)(3). Under Rule 502(b)(3) of the Federal Rules of Evidence, to avoid a waiver of its privilege, "the holder [must] promptly t[ake] reasonable steps to rectify the error, *including* (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B) . . . . In her opposition, [Williams] shall address whether compliance with Rule 26(b)(5)(B) is necessary or sufficient (or neither) for a party to discharge its obligations under Rule 502(b)(3). The Court expects [the District] to do the same in its reply. The parties shall support their arguments with citation to case law from this Circuit; the parties may cite to case law from other Circuits only to supplement authority that would be binding on this Court or if there is no on-point authority from this Circuit.

Min. Order (July 28, 2011) (emphasis altered). Williams filed her opposition on August 3, 2011. *See* Pl.'s Opp'n. The District filed its reply on August 8, 2011. *See* Reply to Pl.'s Opp'n to the District's Renewed Mot. to Exclude Pl.'s Exhibit 9A ("Def.'s Reply"), ECF No. [138].

## II. LEGAL STANDARD

In this Circuit, it used to be the case that virtually any disclosure of a communication protected by the attorney-client privilege, even if inadvertent, worked a waiver of the privilege. *See In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989); *Elliott v. Fed. Bureau of Prisons*, 521 F. Supp. 2d 41, 58 (D.D.C. 2007). However, Congress partially abrogated this relatively strict approach to waiver by enacting Rule 502(b) of the Federal Rules of Evidence,[5] which addresses the extent to which a waiver may be found based upon an inadvertent disclosure in a federal proceeding. Specifically, Rule 502(b) provides:

> When made in a Federal proceeding . . . , the disclosure [of a communication or information covered by the attorney-client privilege or work-product protection] does not operate as a waiver in a Federal or State proceeding if:
>
> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

FED. R. EVID. 502(b). The party claiming that its disclosure was inadvertent bears the burden of proving that each of the three elements of Rule 502(b) has been met. *Amobi v. D.C. Dep't of Corrections*, 262 F.R.D. 45, 53 (D.D.C. 2009); *Peterson v. Bernardi*, 262 F.R.D. 424, 427

---

[5] Congress enacted Rule 502 on September 19, 2008, and in so doing expressly directed courts to apply the Rule in all proceedings pending on that date "insofar as is just and practicable." Pub. L. No. 110-322, § 1(c), 122 Stat. 3537, 3538 (2008). Offering no meaningful analysis, Williams contends that the District cannot lay claim to the protections of Rule 502 in this case because the production at issue occurred prior to Rule's effective date, even though the discovery of the error and the efforts that the District undertook to rectify the error post-dated enactment. *See* Pl.'s Opp'n at 5-6. In reply, the District offers no rejoinder to this argument. Nonetheless, for purposes of resolving the pending motion, the Court will assume, without deciding, that Rule 502 applies in this case. Even assuming the Rule's applicability, the Court concludes that the District has failed to establish that it is entitled to invoke the Rule's protections.

(D.N.J. 2009). Even if the document at issue is privileged and inadvertently disclosed, if the "disclosure is not excused by the application of Rule 502, then the privilege protecting it from production is gone." *Amobi*, 262 F.R.D. at 51.

### III. DISCUSSION

The Court's discussion here proceeds in two parts. First, the Court will explain why the District has failed to show that it "took reasonable steps to prevent disclosure." FED. R. EVID. 502(b)(2). Thereafter, the Court will explain why the District has failed to show that it "promptly took reasonable steps to rectify the error." FED. R. EVID. 502(b)(3). Whether considered together or independently, these twin failures preclude the District from invoking the protections of Rule 502(b) to avoid a finding that it has waived any privilege that might have attached to the communication at issue based upon its disclosure to Williams in discovery.[6]

#### A. *The District Has Failed to Show That It Took Reasonable Steps To Prevent Inadvertent Disclosure*

Notwithstanding the easing of the waiver doctrine brought about by the enactment of Rule 502(b), the Rule "does not remove the parties' responsibility to take reasonable precautions against [the] disclosure of privileged documents." *Amobi*, 262 F.R.D. at 51. In order to invoke

---

[6] The Court will assume, without deciding, that the communication at issue would be protected by the attorney-client privilege were it not for the disclosure to Williams, a matter which the parties dispute. *See* Def.'s Mem. at 3; Pl.'s Opp'n at 1-3. A copy of the communication has been reviewed *in camera*, and while it is certainly arguable that at least some aspects of the communication reflect non-legal advice, the Court agrees that other aspects may fall within the ambit of the privilege. The Court notes that the District's letter to Williams seeking the return of the communication also cited work product protection as an additional basis for non-disclosure. While the District briefly notes this fact in its moving papers, its substantive argument is confined to the attorney-client privilege and nowhere in the District's motion does it attempt to establish a basis for invoking work product protection in this case. *See* Def.'s Mem. at 3-4. The Court will also assume that the District's disclosure of the communication to Williams was inadvertent, in the sense that it was an "unintended." *Amobi*, 262 F.R.D. at 53. Given the nature of the communication and the nature of the District's response, the Court finds it difficult to imagine that the disclosure was anything but unintended, notwithstanding Williams's speculation to the contrary.

the protections of Rule 502(b), the holder of the privilege bears the burden of establishing that it "took reasonable steps to prevent disclosure" in the first place. FED. R. EVID. 502(b)(2). In this regard, the District's showing is woefully deficient.

As a threshold matter, the District relies exclusively on the unsworn averments of its counsel, who is almost certain to lack personal knowledge of the circumstances that surrounded the District's review and production of the communication at issue because she was yet to be assigned to this matter. *See* Def.'s Mem. at 2; Def.'s Reply at 3. The District has failed to support its arguments with an affidavit or declaration from its prior counsel or the paralegal who is claimed to have reviewed the documents. This failure is both inexplicable and unacceptable and constitutes sufficient grounds to deny the District's motion outright. Nonetheless, even crediting the unsupported statements by the District's counsel, those statements fall far short of establishing that the District took reasonable steps to prevent the disclosure in the first place.

First, and most importantly, the District has utterly failed to explain its "methodology" for review and production. *Amobi*, 262 F.R.D. at 54. The District explains only that "[p]rior to production, this material was reviewed by an experienced litigation paralegal under the supervision of an attorney." Def.'s Mem. at 4. It should go without saying that this sort of conclusory statement is patently insufficient to establish that a party has discharged its duty of taking "reasonable steps" to guard against the disclosure of privileged documents. *See Peterson*, 262 F.R.D. at 429 (refusing to "accept plaintiff's bare allegation that he conducted a 'privilege review' as conclusive proof that he took reasonable steps to prevent an inadvertent production."). Indeed, were courts to accept conclusory statements of this kind, it is difficult to imagine circumstances when Rule 502(b) would *not* apply so long as the disclosing party conducted *any* privilege review, no matter how cursory or unreasonable. In this case, the District does not

indicate when its review occurred, how much time it allocated to the review of documents, the nature of the reviewer's experience, the extent of the alleged supervision of an attorney, whether it conducted multiple rounds of review, how it segregated privileged documents from non-privileged documents, and other basic details of the review process. The general statement that a privilege review was performed, without any supporting details, is completely uninformative.[7]

Second, the District has failed to provide a concrete sense of the total number of documents that it reviewed and produced. The parties agree that the "recommendation to terminate" packet that was produced to Williams consisted of slightly over a hundred pages—a relatively *de minimis* production—and the District does not contest Williams's assertion that the two-page e-mail communication at issue here appeared within the first ten pages of the packet. Beyond this, the District claims that "[s]ix other sets of document [sic] were also produced to [Williams] that day," Def.'s Mem. at 4, but the District fails to provide any further details of the scope of the overall production. So far as the Court is concerned, these additional documents could have consisted of eight pages, eighty pages, eight-hundred pages, or eight-thousand pages. The District's assertions are hopelessly generic, reducing to the unilluminating contention that the communication at issue was part of "a larger production" that ranged somewhere between one-hundred pages and infinity. Def.'s Mem. at 4. The District has provided no factual basis for the Court to conclude, as the District suggests, that the error was "reasonable given the size of

---

[7] Indeed, the District appears to recognize that there are issues with its factual showing, claiming that the passage of time and changes in counsel "make[] it infinitely harder to supply the type of detail plaintiff argues should be required." Def.'s Reply at 3. The rejoinder to this argument is two-fold. First, regardless of these circumstances, it is the District's burden to establish the applicability of Rule 502(b) and demonstrating that it took reasonable steps to guard against inadvertent disclosure is an essential element of that burden. Second, the District cannot absolve itself of its burden by citing the passage of time; nothing prevented the District from petitioning this Court for relief *years* ago, and indeed it should have.

the production." *Id.* Indeed, based on the record created by the District, the Court can only conclude that the overall size of the production was *de minimis*.

Third, the District offers no clear picture of the demands placed upon it by virtue of Williams's document requests and the timetable of production. Altogether absent from the District's moving papers is any sense of how many documents it reviewed relative to its overall production, the complexity of the review required, and the time it had to gather, review, and produce responsive documents. This leaves important questions unanswered. Since the total size of the District's production appears to have been small, the Court cannot assume that Williams's demands were particularly onerous or burdensome. Since it appears that the records were all produced in hard copy format, the Court cannot assume that the District was required to sort through a significant amount of electronically stored information. Since Williams's assertion that the District failed to produce any privilege log is left uncontested by the District, *see* Pl.'s Opp'n at 1, the Court cannot assume that the District was required to expend significant time and resources on an exhaustive privilege review. At bottom, the only thing that the Court *can* assume is that Williams served document requests on the District and that the District had at least thirty days to respond to those requests. *See* FED. R. CIV. P. 34(b)(2)(A).

The Court does not intend to suggest a party seeking to invoke the protections of Rule 502(b) must always address all, or even necessarily most, of the considerations described above in order to secure relief. However, these are the sort of considerations that one would expect to be relevant, and not one is addressed with any meaningful measure of detail in the District's moving papers. The District bears the burden of establishing a factual basis for this Court to conclude that it "took reasonable steps to prevent disclosure." FED. R. EVID. 502(b)(2). In the final analysis, the District's showing is so cursory and incomplete that there simply is no

foundation for this Court to evaluate the reasonableness of the precautions taken to guard against inadvertent disclosure. Because the holder of the privilege bears the burden of establishing that it "took reasonable steps to prevent disclosure," FED. R. EVID. 502(b)(2), and because the District has failed to discharge that burden, the Court will deny the District's Motion to Exclude on this basis.

### B. The District Has Failed To Establish That It Took Reasonable Steps To Rectify the Error Once Discovered

Even where the holder of the privilege can show that it took reasonable precautions to guard against disclosure, the holder bears the further burden of showing that it "promptly took reasonable steps to rectify the error" once discovered. FED. R. EVID. 502(b)(3). In this case, the District has taken the position that all it was required to do was to notify Williams of the inadvertent disclosure and to request the return of the communication in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. *See* Def.'s Mem. at 5; Def.'s Reply at 1-2. That Rule provides, in relevant part:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

FED. R. CIV. P. 26(b)(5)(B).[8] Notably, even though the Court expressly instructed the District to support its argument that compliance with Rule 26(b)(5)(B) is sufficient to discharge its

---

[8] Williams claims, in passing, that Rule 26(b)(5)(B) did not enter into effect "until may months after the production" at issue. Pl.'s Opp'n at 6 n.2. She is mistaken. The relevant amendment to the Rule entered into effect on December 1, 2006, long before the production at issue here.

10

obligation under Rule 502(b) to "promptly take reasonable steps to rectify the error," the District cites to no authority in support of its position. The Court can only assume that there is none.

The Court does not doubt that there will be circumstances where a party's compliance with Rule 26(b)(5)(B) will constitute "reasonable steps to rectify the error," FED. R. EVID. 502(b), but this is not such a case. Here, the District notified Williams of its error in a letter dated November 22, 2008, requesting that the communication be "return[ed] . . . at once." Ltr. From L. Valdes, Esq. to J. Karl, Esq. dated Nov. 22, 2008 at 1. When Williams did not promptly return the communication or otherwise respond to the District's letter, the District was on notice that further action was required. Nonetheless, the District waited approximately *two years and eight months* before it filed a motion seeking the Court's intervention. *Cf. Amobi*, 262 F.R.D. at 54 (noting that characterizing attempts to rectify the error 55 days after discovery as a "prompt effort" was a "debatable proposition"). Which is not to say that the District was required to seek the Court's intervention immediately on the heels of its letter to Williams. In appropriate circumstances, a producing party may be justified in waiting a reasonable period of time to see if the receiving party will "sequester" the document and "present the information to the court under seal for a determination of the claim." FED. R. CIV. P. 26(b)(5)(B). Alternatively, a producing party may, and in fact should, attempt to meet-and-confer with the receiving party in a good faith attempt to resolve the dispute and obviate the need for the district court's intervention. Here, the District took no further action, electing instead to wait *years* while a privileged communication remained in the hands of a third-party to the communication. This sort of indifference is fundamentally at odds with the principle that the attorney-client privilege "must be jealously guarded by the holder of the privilege lest it be waived." *In re Sealed Case*, 877 F.2d at 980.[9]

---

[9] Parenthetically, the Court rejects the District's efforts to detract from its failure to demonstrate its compliance with Rule 502(b) by alleging that Williams failed to comply with Rule

Under these unique circumstances, the District's mere compliance with Rule 26(b)(5)(B), without more, did not constitute "reasonable steps to rectify the error." FED. R. EVID. 502(b); *see also Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *6 (S.D. Cal. Jan. 13, 2010) (concluding that the producing party could not invoke Rule 502(b) where it failed to follow up with opposing counsel to obtain the return of the documents at issue and failed to petition the court for relief). Accordingly, the Court will deny the District's Motion to Exclude on this separate, independent basis.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny the District's Motion to Exclude. The Court finds that there is no injustice to denying the District the protections of Rule 502(b). Here, "the only 'injustice' in this matter is that done by defendant[t] to [itself]." *Amobi*, 262

---

26(b)(5)(B). *See* Def.'s Mem. at 2. "Rule 26(b)(5)(B) does not address whether the privilege . . . that is asserted after production was waived by the production," but instead merely "provides a procedure for presenting and addressing those issues." FED. R. CIV. P. 26 advisory committee's note to the 2006 amend.; *see also* 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2016.3 (3d ed. 2004) ("Rule 26(b)(5)(B) permits a privilege holder to . . . prevent further use of the material in the litigation until there is a ruling on whether the privilege applies, but it does not alter the standards for determining whether there has been a waiver."); *Carlock ex rel. Andreatta-Carlock v. Williamson*, 2011 WL 308608, at *7 (C.D. Ill. Jan. 27, 2011) (describing non-compliance with Rule 26(b)(5)(B) as a "procedural violation[] . . . unrelated to the substantive issues affecting determination of whether documents produced in discovery are privileged."). In any event, there is no clear indication that Williams contravened the letter or the spirit of Rule 26(b)(5)(B). During a July 22, 2011 Status Hearing, Williams's counsel represented to the Court that he retained the communication at issue in the files at his office and the District points to no instance when Williams disseminated or used the communication since being notified of the District's error. The District complains that Williams "*sought* to use" the communication by identifying it as a potential exhibit at trial, Def.'s Reply at 2 (emphasis added), but the Rule only precludes a party from "us[ing] or disclos[ing] the information until the claim is resolved," FED. R. CIV. P. 26(b)(5)(B)—expressing an intention to use a document is not the same as actually using the document. Nor is there any merit to the District's separate contention that Williams "was obligated to contest the District's [privilege] claim." Def.'s Mem. at 2. The Rule provides that the receiving party "*may* promptly present the information to the court under seal for a determination of the claim," FED. R. CIV. P. 26(b)(5)(B) (emphasis added), but does not require it to do so.

12

F.R.D. at 55 (some internal quotation marks and notations omitted). The District's failure to make reasonable efforts to guard against the disclosure in the first place and to rectify its error once discovered is fatal to its reliance on Rule 502(b). However, because it is not clear from the present record, the Court will require Williams to file a Notice with the Court explaining in detail (a) how the communication is admissible and (b) how she actually intends to use it at trial. An appropriate Order accompanies this Memorandum Opinion.

Dated: August 17, 2011

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge