UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA CONYERS WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 06-02076 (CKK) |

MEMORANDUM OPINION
(October 17, 2011)

In this action, Plaintiff Christina Conyers Williams ("Williams") claims that Defendant, the District of Columbia (the "District"), retaliated against her in violation of the District of Columbia Whistleblower Protection Act (the "DC-WPA") for testimony that she provided before the District of Columbia Council. The action is now in the pretrial stage of litigation and the trial will begin on November 16, 2011. Currently before the Court is Williams' [156] Motion in Support of Jury Instruction No. 2, through which Williams requests a jury instruction mirroring the statutory definition of the term "whistleblower" as "an employee who makes or is perceived to have made a protected disclosure." D.C. CODE § 1-615.52(a)(9). Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court shall DENY Williams' Motion.[1]

---

[1] While the Court's decision today is based on the record as a whole, its consideration has focused on the following documents, listed in chronological order of their filing: Pl.'s Mot. in Supp. of Jury Instruction No. 2 ("Pl.'s Mem."), ECF No. [156]; Def.'s Opp'n to Pl.'s Mot. in Supp. of Jury Instruction No. 2, ECF No. [159]; Pl.'s Reply Mem. in Supp. of Mot. in Supp. of Jury Instruction No. 2, ECF No. [164].

## I. LEGAL STANDARD

Before trial and with the district court's leave, "a party may file and furnish to every other party written requests for the jury instructions it wants the court to give." FED. R. CIV. P. 51(a)(1). "Jury instructions are proper if, when viewed as a whole, they fairly present the applicable legal principles and standards." *Czekalski v. LaHood*, 589 F.3d 449, 453 (D.C. Cir. 2009) (internal quotation marks and citations omitted). The district court has considerable discretion when crafting instructions, which should be exercised with an aim towards guiding the jury "toward an intelligent understanding of the legal and factual issues involved in [its] search for a proper resolution of the dispute." 9C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2556 (3d ed. 1995). So long as the instructions chosen are "legally correct," the district court is not required to use "any particular language." *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 556 (D.C. Cir. 1993) (quoting *Miller v. Poretsky*, 595 F.2d 780, 788 (D.C. Cir. 1978)) (internal quotation marks omitted). Rather, "[i]t is sufficient if the substance of the instruction as given be correct in law, adapted to the issues developed at trial and adequate for guidance of the jury." *Heflin v. Silvertstein*, 405 F.2d 1075, 1077 (D.C. Cir. 1968).

## II. DISCUSSION

Under the DC-WPA, the term "whistleblower" is defined as "an employee who makes or is perceived to have made a protected disclosure." D.C. CODE § 1-615.52(a)(9). Williams asks the Court to provide the jury with an instruction tracking this statutory language. *See* Pl.'s Mem. at 1-2; Revised Proposed Jury Instructions, ECF No. [144], at 4. The District opposes the request, with the focus of the parties' dispute centering on whether an employee may recover under the DC-WPA if she is "perceived to have," but has not actually, made a disclosure under

the statute.

The dispute presents a difficult question of first impression. On the one hand, the "definitions" section of the DC-WPA defines a "whistleblower" as "an employee who makes *or is perceived to have made* a protected disclosure." D.C. CODE § 1-615.52(a)(9) (emphasis added). On the other hand, the operative liability provision does not use the term "whistleblower." Instead, it provides that "[a] supervisor shall not take, or threaten to take, a prohibited personnel action or otherwise retaliate against an employee *because of the employee's protected disclosure*." *Id.* § 1-615.53(a) (emphasis added).

Williams argues that the definition of the term "whistleblower" evidences a legislative intent to cover "perceived" disclosures. Despite the plain language of the operative liability provision, which on its face reflects no such intent, there is some support for Williams' position in the legislative history. The current definition of the term "whistleblower" traces its origins to the District of Columbia Whistleblower Reinforcement Act of 1998 (the "DC-WRA"), 1998 D.C. Legis. Serv. 12-160 (West), which became effective on October 7, 1998. In its original form, the DC-WRA would have defined a "whistleblower" simply as "an employee who makes a protected disclosure." *See* Council of the District of Columbia Committee on Government Operations, Report on Bill No. 12-191 (Apr. 28, 1998), at 5.[2] Subsequently, "[c]ouncilmembers discussed how the bill might be amended to protect employees who are retaliated against because they are preparing to make a protected disclosure, but before they actually made a disclosure." *Id.* at 10-11. Ultimately, Councilmember Carol Schwartz moved to add the perception language to the statutory definition "in order to extend protection to an employee who is *preparing to*

---

[2] A copy of the report is available at ECF No. [164-1] in this case.

*make a protected disclosure, but is retaliated against before he or she is able to do so*." *Id.* at 11 (emphasis added). The proposed amendment passed by a unanimous voice vote. *Id.*

But the District of Columbia Council never amended the operative liability provision to incorporate the term "whistleblower" or to otherwise reflect that an individual may bring suit where he or she is "perceived to have," but has not actually, made a disclosure. Instead, the DC-WPA only provides that "[a] supervisor shall not take, or threaten to take, a prohibited personnel action or otherwise retaliate against an employee *because of the employee's protected disclosure*." D.C. CODE § 1-615.53(a) (emphasis added). Contrary to Williams' stated belief, this hardly renders the perception language "superfluous," Pl.'s Mem. at 2, as other provisions of the DC-WPA employ the term "whistleblower," *see* D.C. CODE § 1-615.54(c). Reconciling the plain language of the statute with its legislative history may prove difficult and the tension between the two gives rise to an interesting question—can an employee recover under the DC-WPA where she is perceived to have, but has not actually, made a disclosure?

However interesting that question may be in the abstract, the Court has no occasion to answer it here for the simple reason that it has no bearing on the facts of this case. In this case, it is undisputed that Williams *made* a disclosure to the District of Columbia Council. On February 14, 2006, she attended an oversight hearing before the Committee on Health and provided ten minutes of videotaped testimony that she claims later resulted in a pattern of retaliation against her by supervisors. *See generally Williams v. Johnson*, 747 F. Supp. 2d 10, 13 (D.D.C. 2010). Given that this much is undisputed, it is strange that the parties have dedicated so much time and attention to arguing over whether a hypothetical plaintiff could recover under the DC-WPA where she is perceived as having made a disclosure but has not in fact made a disclosure when

that is not the factual record in this case.

So far as the Court can tell, the parties' dispute seems to have its roots in a fundamental misunderstanding as to the pertinent statutory inquiry. The Court reiterates: the fact that Williams made some sort of disclosure is not in dispute. Rather, the relevant dispute requiring litigation is whether the disclosure that Williams made to the District of Columbia Council on February 14, 2006 is "protected." Under the DC-WPA, a disclosure of information to a public body[3] is "protected" if:

> [T]he *employee* reasonably believes [it] evidences:
>
> (A)  Gross mismanagement;
>
> (B)  Gross misuse or waste of public resources or funds;
>
> (C)  Abuse of authority in connection with the administration of a public program or the execution of a public contract;
>
> (D)  A violation of a federal, state, or local law, rule, or regulation, or of a term of a contract between the District government and a District government contractor which is not of a merely technical or minimal nature; or
>
> (E)  A substantial and specific danger to the public health and safety.

D.C. CODE § 1-615.52(a)(6) (emphasis added). The parties have already agreed to a jury instruction tracking this language. *See* Revised Proposed Jury Instructions at 5.

The District intends to defend in this case in part on the basis that Williams "did not report the type of serious misconduct covered by the Act." Def.'s Stmt. of Defenses at 1 (citing D.C. CODE § 1-615.52(a)(6)). In other words, the District will argue at trial that Williams'

---

[3] The District does not dispute that the District of Columbia Council is a covered public body. *See generally* Def.'s Second Revised Stmt. of Defenses & Related Notices ("Def.'s Stmt. of Defenses"), ECF No. [150].

February 14, 2006 testimony before the District of Columbia Council did not include information evidencing one of the five categories of "protected" disclosures under the DC-WPA. It appears that Williams seeks the jury instruction presently at issue because she wants to argue that, even if her testimony did not in fact include information falling within one of these five categories, the District "perceived" her as having disclosed such information.

The plain language of the DC-WPA reveals that such an argument would be misguided. Williams does not have to show that her testimony *in fact* included information within one of the five categories enumerated within the statutory definition of a "protected disclosure." Both the statute and case law are clear: all Williams must show is that she "*reasonably believe[d]*" that her testimony included such information. D.C. CODE § 1-615.52(a)(6) (emphasis added); *see also Wilburn v. District of Columbia*, 957 A.2d 921, 925 (D.C. 2008) ("[A] 'protected disclosure' under the DC-WPA is one that the employee 'reasonably believes' evidences one or more of the circumstances delineated in D.C. Code § 1-615.52(a)(6)(A)-(E)."). With respect to this facet of the statutory inquiry, the District's perception is completely irrelevant.[4] The question for the jury is whether a "disinterested observer with knowledge of the essential facts known to and readily ascertainable" by Williams could "reasonably conclude" that the actions of the government that were the subject her testimony evidenced the type of conduct described in D.C. CODE § 1-615.52(a)(6)(A)-(E). *Zirkle v. District of Columbia*, 830 A.2d 1250, 1259-60 (D.C. 2003) (citation omitted).

In short, Williams seeks an instruction that has no meaningful relationship to the facts of

---

[4] Of course, the District's perception may be relevant in other ways (*e.g.*, showing that there was a causal connection between Williams' testimony and the challenged personnel actions).

Case 1:06-cv-02076-CKK   Document 166   Filed 10/17/11   Page 7 of 8

this case. Because it is undisputed that Williams made a disclosure, the employer's perception that a disclosure was made is inapplicable in this case. On the issue of whether the disclosure is "protected," the employee's (not the employer's) reasonable belief is at issue. It has long been the case that "courts will never lay down as instructions to a jury, general or abstract positions, such as are not immediately connected with and applicable to the facts of a cause [of action]." *Rhett v. Poe*, 43 U.S. 457, 483 (1844); *see also H. R. H. Constr. Corp. v. Conroy*, 411 F.2d 722, 725 (D.C. Cir. 1969) ("[T]he trial judge need give only instructions that are related to the evidence adduced during the trial.") (citations omitted). Accordingly, the Court shall, in an exercise of its discretion, decline Williams' invitation to provide the jury with the proposed instruction.

      Before concluding, the Court pauses to acknowledge that it cannot predict with certainty how events will unfold at trial. The foregoing analysis is based on the record as it now stands and the arguments articulated by the parties to date. As evidence is presented at trial, the parties may encounter "issues that could not reasonably have been anticipated" earlier. FED. R. CIV. P. 51(a)(2)(A). To be clear, the parties are not absolutely foreclosed from raising such issues at the appropriate time. However, the parties are cautioned that this is not an invitation to recycle old arguments.

/

/

/

/

/

7

## III.  CONCLUSION

For the reasons set forth above, Williams' [156] Motion in Support of Jury Instruction No. 2 shall be DENIED.  An appropriate Order accompanies this Memorandum Opinion.

Date:  October 17, 2011

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge