UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA CONYERS WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 06-02076 (CKK) |

MEMORANDUM OPINION
(October 17, 2011)

In this action, Plaintiff Christina Conyers Williams ("Williams") claims that Defendant, the District of Columbia (the "District"), retaliated against her in violation of the District of Columbia Whistleblower Protection Act (the "DC-WPA") for testimony that she provided before the District of Columbia Council. The action is now in the pretrial stage of litigation and the trial will begin on November 16, 2011. Currently before the Court is Williams' [155] Motion in Support of Jury Instruction No. 19, through which Williams requests a jury instruction addressing the categories of evidence that the jury should consider in connection with the District's burden of proof on its "same action" affirmative defense. Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court shall DENY Williams' Motion.[1]

---

[1] While the Court's decision today is based on the record as a whole, its consideration has focused on the following documents, listed in chronological order of their filing: Pl.'s Mot. in Supp. of Jury Instruction No. 19 ("Pl.'s Mem."), ECF No. [155]; Def.'s Opp'n to Pl.'s Mot. in Supp. of Jury Instruction No. 19, ECF No. [160]; Pl.'s Reply Mem. in Supp. of Mot. in Supp. of Jury Instruction No. 19 ("Pl.'s Reply"), ECF No. [163].

## I. LEGAL STANDARD

Before trial and with the district court's leave, "a party may file and furnish to every other party written requests for the jury instructions it wants the court to give." FED. R. CIV. P. 51(a)(1). "Jury instructions are proper if, when viewed as a whole, they fairly present the applicable legal principles and standards." *Czekalski v. LaHood*, 589 F.3d 449, 453 (D.C. Cir. 2009) (internal quotation marks and citations omitted). The district court has considerable discretion when crafting instructions, which should be exercised with an aim towards guiding the jury "toward an intelligent understanding of the legal and factual issues involved in [its] search for a proper resolution of the dispute." 9C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2556 (3d ed. 1995). So long as the instructions chosen are "legally correct," the district court is not required to use "any particular language." *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 556 (D.C. Cir. 1993) (quoting *Miller v. Poretsky*, 595 F.2d 780, 788 (D.C. Cir. 1978)) (internal quotation marks omitted). Rather, "[i]t is sufficient if the substance of the instruction as given be correct in law, adapted to the issues developed at trial and adequate for guidance of the jury." *Heflin v. Silvertstein*, 405 F.2d 1075, 1077 (D.C. Cir. 1968).

## II. DISCUSSION

Under the DC-WPA, "[a] supervisor shall not take, or threaten to take, a prohibited personnel action or otherwise retaliate against an employee because of the employee's protected disclosure or because of an employee's refusal to comply with an illegal order." D.C. CODE § 1-615.53(a). "[O]nce it has been demonstrated by a preponderance of the evidence that an activity proscribed by § 1-615.53 was a contributing factor in the alleged prohibited personnel action against an employee, the burden of proof shall be on the defendant to prove by clear and

convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by this section." *Id.* § 615.54(b). In other words, the plaintiff bears the initial burden of establishing liability under Section 1-615.53(a) by a preponderance of the evidence; if and when the plaintiff discharges that burden, the burden shifts to the defendant to establish its "same action" affirmative defense by clear and convincing evidence. *Crawford v. District of Columbia*, 891 A.2d 216, 218-19 (D.C. 2006).

In this case, the parties have already agreed to instructions that would adequately present these legal principles and standards to the jury. First, the parties' agreed-upon Jury Instruction No. 1 would instruct the jury, in relevant part, as follows:

> To prevail on his [sic] whistlebower [sic] claim, the Plaintiff must prove, by a preponderance of the evidence, that
>
> 1. The Plaintiff made a protected disclosure,
>
> 2. A supervisor took or threatened to take a prohibited personnel action against [P]laintiff, and
>
> 3. Plaintiff's protection [sic] disclosure was a contributing factor in the prohibited personnel action.

Revised Proposed Jury Instructions, ECF No. [144], at 3. Second, the parties' agreed-upon Jury Instruction No. 10 would instruct the jury as follows:

> Once Plaintiff has demonstrated by a preponderance of evidence that the protected disclosure was a contributing factor in the alleged prohibited personnel action against [Plaintiff], the burden of proof shall be on [Defendant] to prove by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by this section.

*Id.* at 11. Third, and finally, the parties agree that the jury should be instructed that "clear and

convincing evidence" is "evidence which should produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Id.* at 12. Together, these three instructions, with minor stylistic revisions to be determined, are more than sufficient to guide the jury in its search for a proper resolution of the dispute.

Nonetheless, Williams seeks a further instruction addressing the categories of evidence that the jury should consider in connection with the District's burden of proof on its "same action" affirmative defense. Specifically, Williams' proposed Jury Instruction No. 19 would further instruct the jury as follows:

> In determining whether the District meet [sic] its burden to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure, you should consider[:]
>
> (1) the strength of the agency's evidence in support of its personnel action;
>
> (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and
>
> (3) any evidence that the agency takes or has taken similar actions against similarly situated employees who are not whistleblowers.

*Id.* at 15. However, Williams has failed to come forward with any legal support counseling in favor of such an instruction. Indeed, Williams concedes that "there is no case law interpreting the DC WPA that supports [her] proposed [i]nstruction." Pl.'s Reply at 1.

In lieu of on-point authority, Williams cites to a single case from the United States Court of Appeals for the Federal Circuit interpreting the federal Whistleblower Protection Act (the "F-

4

WPA")—namely, *Fellhoelter v. Department of Agriculture*, 568 F.3d 965 (Fed. Cir. 2009).[2] Pl.'s Mem. at 2. But *Fellhoelter* merely outlines the three factors that the Merit Systems Protection Board generally considers when addressing the similar "same action" affirmative defense under the F-WPA—that is, the same three factors identified in Williams' proposed instruction.[3] *See id.* at 971. The Merit Systems Protection Board is an independent, quasi-judicial agency, and as *Fellhoelter* itself illustrates, findings are generally made by an administrative law judge. Courts should be wary of "import[ing] uncritically into jury charges" language used by judicial and quasi-judicial bodies to "formulate burdens of proof and production." *Cabrera v. Jakabovitz*, 24 F.3d 372, 380 (2d Cir.), *cert. denied*, 513 U.S. 876 (1994). For the reasons set forth below, the Court finds that the proposed instruction is more likely to confuse and mislead the jury than crystallize the issues relevant to its deliberations.

First, and perhaps most critically, the instruction proposed by Williams is at best an incomplete statement of the appropriate legal standard. Both parties agree that the District must establish its "same action" defense by clear and convincing evidence, and that "clear and convincing evidence" requires evidence that would produce in the mind of the trier of fact a firm belief or conviction. By the plain language of the DC-WPA, the District is not confined to

---

[2] When first proposing the instruction, Williams also cited to *Marano v. Department of Justice*, 2 F.3d 1137 (Fed. Cir. 1993), but the *Marano* Court did not use, let alone endorse, the three-factor standard identified by Williams in her proposed instruction.

[3] Despite Williams' assertion to the contrary, the relevant language in the F-WPA and the DC-WPA is similar, not "identical." Pl.'s Reply at 1. *Compare* 5 U.S.C. § 1221(e)(2) ("Corrective action . . . may not be ordered if the agency demonstrates by clear and convincing evidence that it would have taken the same action in the absence of such disclosure."), *with* D.C. CODE § 615.54(b) ("[T]he burden of proof shall be on the defendant to prove by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by this section.").

introducing evidence concerning the three factors identified in Williams' instruction while attempting to discharge its burden. Absent some other reason counseling against admission, the District may present any evidence that would tend to show that the challenged personnel actions "would have occurred for legitimate, independent reasons even if [Williams] had not" made a protected disclosure. D.C. CODE § 615.54(b). By providing Williams' proposed instruction, the Court would run the risk that the jury would limit its attention to the three identified factors to the exclusion of other potentially relevant evidence. It is therefore unsurprising that commonly used instructions outlining a parallel "same action" defense in federal employment litigation simply ask whether the defendant has shown that it would have reached the same decision regardless of the plaintiff's protected status or activity, without further elaboration. *See, e.g.*, 3C Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, FEDERAL JURY PRACTICE & INSTRUCTIONS §§ 171.76, 179.50 (5th ed. 2000).

  Second, it is well-established that a trial judge should refuse to instruct the jury on matters that are not supported by the evidence. *Long v. Howard Univ.*, 512 F. Supp. 2d 1, 20 (D.D.C. 2007), *aff'd*, 550 F.3d 21 (D.C. Cir. 2008). In this case, Williams' proposed instruction would ask the jury to consider, *inter alia*, whether there is "any evidence that the agency takes or has taken similar actions against similarly situated employees who are not whistleblowers." However, during the Pretrial Conference held on August 31, 2011, the Court put the question to Williams whether she even has any such "comparator" evidence to present to the jury. Responding to the Court's inquiry, Williams conceded, in no uncertain terms, that she has no such evidence. *See* Order (Sept. 1, 2011), ECF No. [152], at 3. In connection with the pending Motion, Williams now avers, in a footnote and without any elaboration, that she "may be able to

6

present evidence regarding violations of the District's Residency Preference Act that were ignored by the agency." Pl.'s Mem. at 2 n.1.  Given this complete about-face in Williams' position, which is irreconcilable with her prior representations to this Court, Williams' failure to provide *any* specification of what comparator evidence she would even be able to present is inexcusable.  *See Rhett v. Poe*, 43 U.S. 457, 483 (1844) ("[E]very prayer for an instruction should be preceded by and based upon a statement of facts upon which the questions of law naturally and properly arise.").  It is too late to now propose such possible evidence.  Based on the record before the Court, there is no reason to believe that Williams would be able to create an evidentiary foundation for this component of her proposed instruction.  Absent such a foundation, the Court can only conclude that providing an instruction on such matters is only likely to confuse and mislead the jury.

Third, the Court is mindful that the more verbose and complicated its instructions at trial, the greater the likelihood of confusion on the part of the jury.  In this case, the parties have proposed over fifteen non-standard instructions relating to a discrete set of legal theories.  The Court is loathe to inundate the jury with unnecessary instructions, particularly where, as here, the proposed instruction is at best a partial gloss on the central legal principles and standards.

For the foregoing reasons, the Court shall, in an exercise of its discretion, decline Williams' invitation to provide the jury with the proposed instruction.  Of course, Williams is free to argue to the jury that the weakness of the District's evidence in support of its personnel action, the strength of the motive to retaliate on the part of the responsible decisionmakers, and like matters are relevant to its determination of whether the District has met its burden on its "same action" affirmative defense.

Before concluding, the Court pauses to acknowledge that it cannot predict with certainty how events will unfold at trial. The foregoing analysis is based on the record as it now stands and the arguments articulated by the parties to date. As evidence is presented at trial, the parties may encounter "issues that could not reasonably have been anticipated" earlier. FED. R. CIV. P. 51(a)(2)(A). To be clear, the parties are not absolutely foreclosed from raising such issues at the appropriate time. However, the parties are cautioned that this is not an invitation to recycle old arguments.

### III.  CONCLUSION

For the reasons set forth above, Williams' [155] Motion in Support of Jury Instruction No. 19 shall be DENIED. An appropriate Order accompanies this Memorandum Opinion.

Date:  October 17, 2011

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge