UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA CONYERS WILLIAMS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ROBERT JOHNSON, *et al.*,<br><br>　　Defendants. | Civil Action No. 06-02076 (CKK) |

MEMORANDUM OPINION AND ORDER
(November 22, 2011)

In this action, Plaintiff Christina Conyers Williams ("Williams") claims that Defendant, the District of Columbia (the "District"), retaliated against her in violation of the District of Columbia Whistleblower Protection Act. More specifically, she alleges that Robert Johnson, the Senior Deputy Director of the Addiction Prevention and Recovery Administration, and David Anthony, the Chief of Staff to Mr. Johnson, retaliated against her in a variety of ways for testimony that she gave before the District of Columbia Council in February 2006. A jury trial began on November 16, 2011 and concluded on November 21, 2011, with the jury returning a verdict in Williams' favor on all counts and awarding her compensatory damages in the amount of $300,000.

During its deliberations, the jury sent a note to the Court asking, "[C]an legal fees be awarded in addition to other damages we decide?" The Court summoned the parties to discuss the appropriate response to the jury's question. The parties adopted conflicting positions. On the one hand, the District took the position that no legal fees of any kind should be a part of the jury's deliberations. On the other hand, Williams took the position that a small component of her

legal fees—namely, approximately $6,500 in pre-litigation fees that she allegedly incurred while defending herself against formal proceedings to terminate her employment—should be submitted to the jury for its consideration. Williams otherwise agreed that the vast majority of her attorneys' fees and costs were a question for the Court and not the jury. Upon hearing from the parties, the Court concluded that the District had the better of the argument. The Court instructed the jury, over Williams' objection, "You are **not** to consider legal fees as part of the damages, if any, you may award." This Memorandum Opinion and Order memorializes the reasons for the Court's decision, which were stated in summary form on the record on November 21, 2011.

## I. BACKGROUND

On May 6, 2010, in order to administer this civil action in a manner fair to the litigants, to ensure the expeditious and efficient resolution of this action, to discourage wasteful pretrial activities, and to improve the quality of trial through thorough advance preparation by the parties, the Court directed the parties to prepare a Joint Pretrial Statement. *See* Pretrial Scheduling and Procedures Order (May 6, 2010), ECF No. [87], at 2-4. Among other things, the parties were instructed that their Joint Pretrial Statement must include "[a]ll information required by Local [Civil] Rule 16.5." *Id.* at 3. Part of Local Civil Rule 16.5 requires any party seeking damages to provide an "itemization of damages the party seeks to recover." LCvR 16.5(b)(1)(vii). "The itemization of damages shall set forth separately each element of damages, and the monetary amount thereof, the party claims to be entitled to recover [from] any other party, including prejudgment interest, punitive damages and attorneys' fees." LCvR 16.5(b)(8). However "[n]o monetary amount need be set forth for elements of intangible damages (e.g., pain and suffering, mental anguish, or loss of consortium)." *Id.*

On August 16, 2010, the parties filed their first Joint Pretrial Statement. *See* Joint Pretrial Stmt., ECF No. [101]. Williams identified her requested relief in the following manner:

> Compensatory damages for emotional distress, embarrassment, humiliation, anxiety, mental anguish, and loss of reputation within her work community, and violation of the D.C. Whistleblower Act.
>
> Back pay representing the difference between Ms. Williams [sic] lower salary at the U.S. Public Health Service and her earnings had she remained at APRA.
>
> Costs, expenses, and reasonable attorney's fees incurred in defending herself against defendants' unlawful actions in trying to terminate her and in this litigation.

*Id.* at 4-5. Williams made no attempt to itemize and provide a specific monetary amount for any of her claimed damages.

Following the Court's resolution of the parties' dispositive motions and motions *in limine*, the Court ordered the parties to file "an updated and revised Joint Pretrial Statement in conformity with the directives of Local Civil Rule 16.5 and the Court's [87] Pretrial Scheduling and Procedures Order dated May 6, 2010." Order (May 31, 2011), ECF No. [127], at 1-2. On July 15, 2011, the parties filed their Revised Joint Pretrial Statement. *See* Revised Joint Pretrial Stmt., ECF No. [130]. Despite being provided a second opportunity to do so, Williams again failed to itemize any of her claimed damages and instead repeated the generic description above.

On July 25, 2011, the Court held a Status Hearing in order to discuss and schedule pretrial proceedings, during which the Court addressed a number of issues concerning the parties' Revised Joint Pretrial Statement. *See* Order (July 25, 2011), ECF No. [134], at 1. The Court expressly reminded Williams that "[t]he plaintiff must provide 'an itemization of damages [she] seeks to recover,' which must '*set forth separately each element of damages, and the monetary*

*amount thereof* . . . including prejudgment interest, punitive damages, and attorneys' fees,' though '[n]o monetary amount need be set forth for elements of intangible damage.'" *Id.* at 5 (quoting LCvR 16.5(b)(1)(vii), (b)(8)) (emphasis added). Consistent with Local Civil Rule 16.5, the Court informed Williams that "[t]o the extent" her compensatory damages "are intangible damages, no specific monetary amount need be stated." *Id.* The Court otherwise faulted Williams for failing to "specifically itemize[]" her damages with supporting calculations. *Id.* Given these failings, the Court "require[d] [Williams] to serve and file a revised itemization of damages." *Id.*[1]

On August 22, 2011, Williams filed, for the first time, an Itemization of Damages. *See* Pl.'s Itemization of Damages, ECF No. [148]. On the one hand, Williams provided numerical figures for her claimed back pay, front pay, and litigation-related attorneys' fees and costs. On the other hand, despite being provided a third opportunity to do so, Williams again did not itemize and provide a monetary amount for any of her compensatory damages. *Id.* at 1-2. Accordingly, during a Pretrial Conference held on September 1, 2011, the Court concluded:

> Previously, the Court directed Plaintiff to provide a revised itemization of damages in accordance with Local Civil Rule 16.5(b)(1)(vii) and (b)(8). In accordance with that Rule, Plaintiff was advised that she need not identify a specific monetary amount for "intangible" compensatory damages. In itemizing her damages, Plaintiff does not state a specific monetary amount for compensatory

---

[1] Elsewhere, the Court noted that the parties were in agreement that "the majority of the attorneys' fees and costs sought by [Williams] in this action presented a question for the Court," while one component of Williams' claimed attorneys' fees and costs—namely, those pre-litigation fees and costs allegedly incurred by Williams in connection with the hearing concerning her compliance with D.C. residency requirements—presented a jury question. Order (July 25, 2011), ECF No. [134], at 6. No reasonable reading of this portion of the Court's instructions would suggest that Williams was somehow relieved from her obligation to provide a complete itemization of her damages under Local Civil Rule 16.5.

> damages. As noted during the Pretrial Conference, the Court will therefore presume that Plaintiff's compensatory damages are limited to "intangible damages (e.g., pain and suffering, mental anguish . . .)." LCvR 16.5(b)(8). In any event, to the extent Plaintiff intended to seek other compensatory damages, she has failed to specifically itemize them in accordance with the Court's directives and the Local Rules and she shall therefore be precluded from seeking such damages at trial.

Order (Sept. 1, 2011), ECF No. [152], at 5 (some internal citations omitted). In the months leading up to trial, Williams never sought any relief from the Court's ruling.

Concurrently with these proceedings, the parties submitted proposed jury instructions for the Court's consideration. At no point during this process did Williams ever request an instruction that would ask the jury to consider whether she should be awarded damages for any pre-litigation attorneys' fees she may have incurred. Thus, the District proceeded to trial with the understanding that such matters would not be submitted to the jury for its consideration.

## II. DISCUSSION

During its deliberations, the jury sent a note to the Court asking, "[C]an legal fees be awarded in addition to other damages we decide?" The District took the position that no legal fees of any kind should be a part of the jury's deliberations. Meanwhile, Williams took the position that a small component of her legal fees—namely, approximately $6,500 in pre-litigation fees that she allegedly incurred while defending herself against formal proceedings to terminate her employment—should be submitted to the jury for its consideration.[2] Upon hearing argument from the parties, the Court instructed the jury, over Williams' objection, "You are **not** to consider legal fees as part of the damages, if any, you may award." Despite having more than

---

[2] Williams otherwise agreed that the vast majority of her attorneys' fees and costs were a question for the Court and not the jury.

ample opportunity to do so, Williams never provided an adequate itemization of the pre-litigation attorneys' fees she claimed to have incurred, in direct contravention of this Court's unambiguous Orders and the applicable procedural rules. Accordingly, in an exercise of its broad discretion, the Court considers it appropriate to preclude Williams from belatedly introducing pre-litigation attorneys' fees as an element of her claimed damages to be considered by the jury.

      A.     *Williams Violated the Court's Order dated July 25, 2011*

During argument held on the record on November 22, 2011, Williams' *only* defense for her failure to itemize such damages was that she "did not understand" the Court's Order dated July 25, 2011 to require itemization of such damages. The argument strains credulity. In its July 25, 2011 Order, the Court ordered Williams to provide a revised itemization of damages, warning her that she was required to "set forth separately each element of damages, and the monetary amount thereof." Order (July 25, 2011), ECF No. [134], at 5. The Order was unambiguous. When Williams failed to itemize her pre-litigation attorneys' fees as part of the compensatory damages that would be submitted to the jury, she violated the Court's July 25, 2011 Order.[3] The Court has the discretion to issue "any just orders" when a party "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). In this case, the Court finds it appropriate to exercise its discretion to preclude Williams from belatedly introducing an unanticipated element of damages into these proceedings during the course of trial and, indeed,

---

    [3] Nor was this the first time Williams violated the Court's directives in this regard. *See* Pretrial Scheduling and Procedures Order (May 6, 2010), ECF No. [87], at 3 (ordering the parties to include in their Joint Pretrial Statement "[a]ll information required by Local [Civil] Rule 16.5."); Order (May 31, 2011), ECF No. [127], at 1-2 (ordering the parties to file "an updated and revised Joint Pretrial Statement in conformity with the directives of Local Civil Rule 16.5 and the Court's [87] Pretrial Scheduling and Procedures Order dated May 6, 2010.").

after the evidentiary record had already closed.

  B.  *Williams Violated Local Civil Rule 16.5*

  Regardless of whether Williams "understood" the Court's July 25, 2011 Order to require her to itemize her alleged pre-litigation attorneys' fees, she was *independently* required to do precisely that under Local Civil Rule 16.5, which requires any party seeking damages to provide an "itemization of damages the party seeks to recover." LCvR 16.5(b)(1)(vii). "The itemization of damages shall set forth separately each element of damages, and the monetary amount thereof, the party claims to be entitled to recover [from] any other party, including prejudgment interest, punitive damages and attorneys' fees." LCvR 16.5(b)(8). By failing to set forth "separately" her claimed pre-litigation fees as part of her compensatory damages and by failing to specify "the monetary amount thereof," Williams violated Local Civil Rule 16.5.

  Accordingly, at the time the Court entered its final Pretrial Order on September 1, 2011, *see* Order (Sept. 1, 2011), ECF No. [152], Williams had identified her claimed "intangible damages" in general terms, as she was free to do. *See* LCvR 16.5(b)(8) ("No monetary amount need be set forth for elements of intangible damage."). She had not, however, itemized and set forth a monetary amount for any tangible compensatory damages, including her alleged pre-litigation attorneys' fees. This was memorialized in the Court's final Pretrial Order on September 1, 2011. *See* Order (Sept. 1, 2011), ECF No. [152], at 5. Under Local Civil Rule 16.5, once the trial begins, "no departure from the final Pretrial Order shall be permitted except to prevent manifest injustice." LCvR 16.5(a)(3). Taking into account the multiple opportunities that Williams was afforded to come into compliance with the requirements of Local Civil Rule 16.5, and her repeated disregard for those requirements, the Court finds it would not work a

manifest injustice to preclude Williams from belatedly introducing an unanticipated element of damages into these proceedings after the evidentiary record had already closed.

        C.      *Williams Violated Federal Rule of Civil Procedure 26*

Williams had yet another independent obligation to provide an itemization of her alleged pre-litigation attorneys' fees. Under the Federal Rules of Civil Procedure, Williams was required to provide "a computation of each category of damages claimed" as part of her Initial Disclosures, FED. R. CIV. P. 26(a)(1)(A)(iii), which calls for more than a mere undifferentiated statement of damages but rather demands "a 'computation,' supported by documents," *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). In her Initial Disclosures, Williams identified her damages in wholly general terms. *See* Pl.'s Initial Disclosures, ECF No. [33], at 3. Williams had an ongoing duty to supplement her damages computation as the action progressed. FED. R. CIV. P. 26(e). Even construing her Itemization of Damages as an amendment to her Initial Disclosures, Williams still failed to specifically identify and provide a detailed computation of her alleged pre-litigation attorneys' fees. *See Design Strategy*, 469 F.3d at 295 (noting that "much greater detail" is expected as the parties proceed towards trial). In this context, the sanction of exclusion is automatic; "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Court expressly reminded Williams of her duty to provide an itemization of her damages. She was provided multiple opportunities to provide a detailed itemization of her damages and she eschewed those opportunities. Her failings were not substantially justified. Nor were they harmless. In the time leading up to trial, Williams never

raised an issue with the Court's Order dated September 1, 2011, or requested a jury instruction that would have directed the jury to consider her alleged pre-litigation attorneys' fees, leading the District to proceed to trial under the reasonable assumption that those alleged damages would not be submitted to the jury for its consideration. Williams did not raise the issue until after the evidence had already closed and the jury had commenced its deliberations. Permitting Williams to interject the issue at such a late date would have run an unacceptable risk of prejudicing the District in defending in this action.

### III.  CONCLUSION AND ORDER

For the reasons set forth above, the Court, in an exercise of its broad discretion, considers it appropriate to preclude Williams from belatedly introducing pre-litigation attorneys' fees as an element of her claimed damages to be considered by the jury.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**
　　　　　　　　　　　　　　　　　　　　　United States District Judge